THE ALTOONA STATE BANK, *Appellee*, V. I. M. HART, *Appellant*.

No. 16,328.

SYLLABUS BY THE COURT.

1. FALSE REPRESENTATIONS—*Right of Action*. False representations are actionable when made fraudulently—that is, to induce another to part with his money or property—if believed and acted upon and made with knowledge of their falsity, or when made for such purpose by one who has no knowledge upon the subject but who intends to convey, and does convey, the impression that he does have actual knowledge that they are true, and thereby deceives the other to his injury.

2. ——— *Pleadings — Evidence — Special Questions — Tender*. Questions concerning the sufficiency of a petition, the competency of evidence, the practice in submitting special questions to a jury, and the surrender of notes given for money obtained by fraudulent representations, are considered.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed May 7, 1910. Affirmed.

*Howard J. Hodgson*, for the appellant.

*T. J. Hudson*, and *D. J. Sheedy*, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The appellant, Hart, sold a laundry plant to J. W. Mordy, on August 1, 1905, and took from him a chattel mortgage upon the property to secure the consideration. Mordy was at that time an employee of the appellant in the laundry, and immediately took possession of it. On June 1, 1906, he asked the bank for a loan of $600 to pay off the mortgage. Hart went with him to the bank, and to induce its officers to loan the money stated to them that $600 would clear the plant of all indebtedness and pay all that Mordy owed thereon, and that he (Hart) would release the mortgage on receiving that sum. He also said that the laundry was worth from $1200 to $1500, and was doing a good business. In the

course of the negotiations it was proposed that V. R. Mordy, a brother of J. W. Mordy, should join with the last-named person and his wife in signing notes for the money.  As a further inducement to the bank to make the loan, Hart stated that the name of V. R. Mordy would make the notes absolutely good; that V. R. Mordy was good for the amount.  Relying upon these representations, and believing them to be true, the bank, upon the release of the chattel mortgage, made the loan and took three promissory notes, signed by J. W. Mordy and wife and V. R. Mordy, for $200 each, payable respectively in five, ten and fifteen months thereafter, and paid the $600 to Hart.  The statement that $600 was the amount unpaid on the mortgage was untrue. After applying that amount on the mortgage, $450 still remained due upon it, for which J. W. Mordy and wife gave their notes to Hart, but without the knowledge of the bank.  About August 1, 1907, Hart took back the laundry from Mordy, surrendered the notes for $450, and in a few days sold it to Charles Lopeman. Learning of this transfer, the bank sought payment of its notes.  V. R. Mordy, the surety, refused to pay, and declared that they could not be collected.  J. W. Mordy and wife had left Altoona, their former residence, and they were insolvent.  V. R. Mordy was likewise insolvent.

This action was then brought by the bank against Hart and Lopeman and the Mordys for false representations in obtaining the $600.  The jury found for the plaintiff, and judgment was rendered against Hart for that amount with interest.  He appeals.  The Mordys made default.

In answer to special questions the jury found that the plaintiff had made no effort by legal proceedings to collect the notes; that the plaintiff had not tendered them back to Hart or the Mordys; and that J. W. Mordy and wife and V. R. Mordy were insolvent when the money was obtained.

The appellant, Hart, by his answer and in his testimony denied making any of the representations above stated, but the jury found for the plaintiff upon all the issues, and there was evidence to sustain the finding. The facts, substantially as stated above, having been alleged in the petition and established by the findings and verdict, must be considered as proved.

The representations that the $600 so borrowed paid the indebtedness of J. W. Mordy, and that V. R. Mordy was financially good, were material representations. They were made to induce the bank to loan the money. They were relied upon, and the money was paid over in the belief that they were true, when in fact they were false. These facts are also established by the verdict.

False representations are actionable when made fraudulently—that is, to induce another to part with his money or property—if believed and acted upon and made with knowledge of their falsity, or when made for such purpose by one who has no knowledge upon the subject but who intends to convey, and does convey, the impression that he does have actual knowledge that they are true, and thereby deceives the other to his injury. (20 Cyc. 24; *DaLee v. Blackburn*, 11 Kan. 190.) The appellant, of course, had knowledge of the amount due upon the mortgage. Whether he had knowledge of the financial condition of the surety or not, he made positive assertions as though possessed of such knowledge, the effect of which was for the jury to determine.

An objection was made to the introduction of any testimony, on the ground that the petition was insufficient to disclose a cause of action. A motion was also made for an order requiring the plaintiff to elect upon which of two supposed causes of action it relied. The petition contained a statement of facts sufficient to constitute a good cause of action for damages for fraudulent misrepresentation. It stated only one cause of action. It is true that the notes were set out and indebt-

edness upon them was alleged, and some other details, perhaps unnecessary to be stated, were given, but the defendant could not have been prejudiced by a mere history of the transaction. The facts constituting the cause of action were stated, and the petition was sufficient.

Complaint is made because the court permitted evidence to be given of the subsequent transfer of the plant from Mordy back to Hart, and the transfer by Hart to Lopeman. These transactions were alleged in the petition as a part of a scheme to place the property beyond the reach of the bank. The issue against Lopeman was determined in his favor, but the evidence was properly received. The finding in favor of Lopeman could not make the admission of the evidence erroneous. The testimony was proper to be considered by the jury in support of the charge of a fraudulent purpose and conspiracy. The fact that Lopeman was free from guilty knowledge does not relieve Hart, against whom the issue was determined.

The court informed the jury that the special questions were submitted by the appellant. He complains of this as indicating to the jury that he, and not the court, desired the jury to answer them. The force of this objection is not easily discoverable. Besides, the questions so submitted contained a recital that "the defendant I. M. Hart requests the court . . . to submit to the jury . . . the following special questions." The language of the court was only a confirmation of what was written on the paper handed to the jury.

Several instructions were excepted to, but when all the instructions are read together they are not erroneous.

In compliance with the request of the appellant, the jury were directed to return more definite answers to certain questions to which they had responded by answers commencing "We believe," and like expressions.

The court informed the jury that they could answer "yes" or "no" to these questions, which they afterward did to some of them. The appellant complains of this direction to the jury, but the court only informed the jury what form of answer would be definite, without indicating any opinion whether the answers should be negative or affirmative. The province of the jury was not invaded. The court is not bound to leave a jury without information, to grope in the darkness to ascertain in such a situation what is meant by a definite answer.

It is urged that a failure to tender back the notes before suit was fatal. The notes were in the hands of the payee after maturity, and were produced in evidence. No suggestion was made to the district court, and none is made here, that the appellant can be injured because the notes are still held by the bank. He did not ask for their surrender or delivery on payment by him of the judgment. The makers are insolvent, and upon the evidence the notes appear to be worthless. What the rights of the appellant may be with respect to the notes in case he pays the judgment is immaterial upon the issues tried.

Further comment upon the assignment of errors is unnecessary. The verdict and findings of the jury upon conflicting evidence, approved by the trial court, conclude the inquiry as to the facts, and no errors are found in the proceedings. The judgment is affirmed.