No. 18,239.

C. B. WAY, *Appellant,* v. J. W. BRONSTON, *Appellee.*

SYLLABUS BY THE COURT.

VENDOR AND PURCHASER — *False Representations — Sufficient Pleading.* Fraud is a legal epithet, and the use of that word, or words of like import, in stating the conduct of a party sought to be charged for false representations in the sale of land is not necessary where the facts stated are sufficient to show fraudulent conduct and resulting injury.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed February 7, 1914. Reversed.

*Fred J. Evans,* of Garden City, for the appellant.

*R. W. Hoskinson,* and *Albert Hoskinson,* both of Garden City, for the appellee.

The opinion of the court was delivered by

BENSON, J.: An objection to testimony under the petition on the ground that it did not state facts sufficient to constitute a cause of action was sustained and the action dismissed. The plaintiff appeals.

The petition contained statements of which the following is a summary: The plaintiff and defendant entered into a written contract on August 13, 1909, whereby the defendant agreed to sell and convey to the plaintiff land described in the contract as lots 2, 3, 4, 5 and 6 of Exhibit B, Kelley's Addition to Garden City. A conveyance of the property, described in the same manner, was made on the same day. In negotiating for the sale the defendant's agent showed the plaintiff a tract enclosed by a fence and stated that it was the land so offered for sale, and that the enclosure contained twenty acres. Afterward when the contract and deed were written and signed the defendant and his agent said that the land as described in both instruments was the land so shown and pointed out to the plaintiff and which he had agreed to purchase. The plaintiff believed these statements. The description in the contract and deed did not include all the land in the tract so shown, for lot 1 of the same subdivision, consisting of one acre, was also situated in the enclosure, but was not owned by the defendant and did not and could not pass by the instruments referred to, although the plaintiff understood and believed that the description covered the entire tract so pointed out to him. The tract as enclosed and offered for sale did not contain twenty acres as represented, but only thirteen acres, a fact of which plaintiff had no knolwedge and did not discover until May 1, 1910. Before discovering that all the land in the enclosed tract was not included in the description and that the tract contained only thirteen acres, the plaintiff made improvements upon lot 1, which he must remove, causing a loss of

$450.   Lot 1 without the improvements made by the plaintiff is worth $300, and the other land in the tract is worth $250 per acre.

The petition contains statements of the foregoing facts pleaded in three causes of action separately stated and numbered, and damages were claimed upon each as already stated, that is, for the value of lot 1, $300; for loss in improvements made upon it, $450; and for deficiency in the tract, $1500.   The prayer was for the recovery of the aggregate amount of $2250.

Treating the objection to evidence as a general demurrer to the petition, the defendant's contention is that no cause of action was stated in the petition because there was no allegation of fraud or mistake without which the terms of the written instruments could not be varied by parol evidence.   The principle relied upon is stated in *Hopkins v. St. Louis & S. F. Rly. Co.*, 29 Kan. 544, as follows:

"Oral evidence is not competent, in the absence of fraud or mistake, to show that the parties to a written contract stipulated before the execution of the writing for something contrary to what is there expressed, or to what is legally implied."   (Syl.)

It will be observed that this principle does not apply where fraud or mistake is pleaded.   The question therefore is whether the petition, construed liberally as it must be upon an objection to evidence, tenders either of these issues.   It can not be successfully claimed that the use of the words "fraud" or "deceit," or words of like import, are necessary, if the facts stated fairly imply fraudulent conduct.   The term "fraud" is a legal epithet applied to facts narrated in stating the conduct of a party in a transaction complained of and is a conclusion from facts stated.   The word or an equivalent one need not be used if the facts appear showing a fraudulent transaction.   (Bliss on Code Pleading, 3d ed., § 211.)   It is not necessary to label a cause of action.   Its nature is determined by

the facts stated.   (*L. L. & G. Rld. Co. v. Comm'rs of Douglas Co.,* 18 Kan. 169; *The State, ex. rel., v. Williams,* 39 Kan. 517, 18 Pac. 727; *Cockrell v. Henderson,* 81 Kan. 335, 105 Pac. 443; 20 Cyc. 97.)

It has been held that:

"False representations are actionable when made fraudulently—that is, to induce another to part with his money or property—if believed and acted upon and made with knowledge of their falsity, or when made for such purpose by one who has no knowledge upon the subject but who intends to convey, and does convey, the impression that he does have actual knowledge that they are true, and thereby deceives the other to his injury." (*Bank v. Hart,* 82 Kan. 398, syl. ¶ 1, 108 Pac. 818.)

The allegations of the petition were sufficient to admit proof that the representations as stated were made; that the defendant believed them to be true and was induced thereby to enter into the contract and accept the deed; that they were false and that the defendant was thereby deceived to his injury.   Such proof would entitle him to recover resulting damages. The objection should therefore have been overruled and the evidence admitted.

Whether the pleading was also sufficient to admit proof of a mutual mistake need not be considered.

No argument is made concerning the measure of damages.   No valid objection, however, is perceived to a recovery upon the several items as pleaded, to the extent that may be warranted by evidence.

Whether the facts pleaded disclose three causes of action, or only one with three grounds of damages, is not discussed in the briefs and need not be decided. In any event the defendant could not be prejudiced by the separate statements.

The judgment is reversed with directions to proceed with the cause.