No. 19,797.

THE CITY OF TOPEKA, *Appellee*, V. THE CENTRAL SASH & DOOR COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. DEFECTIVE SIDEWALK—*Defect Caused by Abutting Property Owner— Liability.* Where a city has been held liable for injuries sustained by a person lawfully using a defective sidewalk the city can recover from an abutting property owner whose active fault caused the defective sidewalk.

2. SAME. The liability of an abutting property owner whose active fault caused a defective condition in a sidewalk does not depend on that liability being fixed by ordinance or by notice to repair.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed January 8, 1916. Affirmed.

*J. G. Slonecker*, and *J. M. Stark*, both of Topeka, for the appellant.

*George P. Hayden*, and *A. C. Bartell*, both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action was brought by the city of Topeka to recover from the defendant the sum of $631.15, with interest, which the plaintiff alleged it was compelled to pay out in satisfaction of a judgment obtained against it for personal injuries sustained by a pedestrian on account of a defective sidewalk. The defendant demurred to the petition. This demurrer was overruled. From this the defendant appeals.

The petition alleges that the defective condition of the sidewalk was caused by the defendant in driving horses and wagons over the walk in front of a building owned and used by the defendant in its private business; that the defendant then permitted the walk to remain in that defective condition; that the ordinances of the city prohibited riding or driving over the sidewalk; that the defendant was notified of the action against the city and asked to defend in that action;

that no defense was made by the defendant; and that the city paid the judgment rendered against it.

The argument of the defendant is that the parties to this action are *in pari delicto* and that therefore the one can not recover from the other; that because the defendant is an abutting property owner and had a right to use the walk, it was under no duty to repair and therefore it is not liable; that the ordinances of the city do not render the defendant liable; and that because there was no notice pleaded requiring the defendant to repair the sidewalk, it is not liable.

1. The defendant caused the defective condition of the sidewalk. The plaintiff did not participate in producing that condition. The plaintiff was negligent in permitting the conditon to remain, but it did not in any manner cause the condition. The plaintiff was not in equal wrong with the defendant. In 40 L. R. A., n. s., 1165-1172, is found an exhaustive note on "Right of municipality to recover indemnity or contribution from one for whose tort it has been held liable." A large number of cases are there cited to support the proposition that where municipalities have been held liable for injuries sustained by persons lawfully using defective streets or sidewalks, the cities can recover from those whose negligence or active fault as abutters, licensees or volunteers caused the defective conditions. (See, also, Note, 61 L. R. A. 591.) The fact that the defendant was an abutting property owner and had a right to use the walk does not relieve it from liability to the city. (Note, 12 L. R. A., n. s., 951.)

2. This liability of the original wrongdoer is not dependent on the existence of any ordinance declaring his liability, nor on the fact that there has been no notice given to the wrongdoer to repair the sidewalk. He is liable because of his active fault in producing the defective condition.

The demurrer to the petition was properly overruled. The judgment is affirmed.