No. 21,407.

BERT RUCKER, *Appellant,* v. C. W. ALLENDORPH and MARTHA S. ALLENDORPH, *Appellees,* et al.

### SYLLABUS BY THE COURT.

TORT-FEASORS—*Contribution Between Joint Tort-feasors.* A person who voluntarily commits an actionable wrong, either at the instigation of others or by acting jointly with them, for which wrong a judgment is afterward rendered against him, cannot recover from those who induced him to commit the wrong, or with whom he acted in its commission, any loss or damage sustained by him by reason of the rendition of the judgment.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed April 6, 1918. Affirmed.

*Joseph M. Stark, Joseph G. Waters,* and *John C. Waters,* all of Topeka, for the appellant.

*Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: · The plaintiff appeals from a judgment rendered against him on the pleadings. These consisted of the plaintiff's petition, the defendants' answer, and the plaintiff's

reply. The material facts established by the pleadings are substantially as follows:

For some years the defendants had been engaged in fraudulent real-estate transactions. These transactions consisted of the execution and delivery of purported warranty deeds pretending to convey the title to the real property therein described, and of delivering with such deeds spurious and forged abstracts of the title. These deeds and abstracts impliedly represented that the defendants had good title to the property, and were delivered for the purpose of defrauding those to whom the defendants effected a sale of the property. For some years the plaintiff had been a real-estate agent in Topeka. In 1911, he received from defendant H. A. Miller, a real-estate agent of Kansas City, Mo., a purported warranty deed pretending to convey certain real property in Missouri from the defendants C. W. Allendorph and Martha S. Allendorph. That deed was blank as to grantee, and did not convey any title to the land therein described. Marion A. Tatlow owned an equitable interest in real property in Morris county. W. E. Bacon was a subagent of the plaintiff. The deed received from the Allendorphs was, by the plaintiff, delivered to Bacon with instructions to Bacon to go to Tatlow, who lived at White City, and effect an exchange of the land described in the deed for an assignment of Tatlow's interest in the Morris county land. The exchange was made, and the deed was delivered to Tatlow by Bacon. When the deed was delivered to Tatlow, a purported abstract of the title to the Missouri land was also delivered to him. The abstract did not correctly represent that title. Neither the deed nor the abstract was examined by Rucker. Afterward, Tatlow prosecuted an action in the district court of Shawnee county against the plaintiff and Bacon, to recover the damages that he had sustained by reason of the fraud practiced on him in making the exchange of property, and recovered a judgment in that action against Rucker for $3,117. In that action the jury made special findings of fact, in substance, as follows: That Bacon fraudulently represented to Tatlow that the deed to the Missouri land was a valid instrument; that it conveyed a good title to the Missouri land; that the abstract of title was genuine; that these representations were made at the instigation of Rucker;

that both he and Bacon knew that the representations were false; and that Tatlow relied on the representations and made the exchange.

In his petition in the present action, the plaintiff charges that the defendants practiced a fraud on him, and thereby induced him to make the exchange of lands with Tatlow. The petition does not allege that any false representations were made by the defendants, except those that were impliedly made in the papers delivered to the plaintiff. He seeks to recover the damages sustained by him on account of the fraud practiced on him by the defendants. The damages alleged are all consequent, or hinge, on the judgment in favor of Tatlow.

The papers did not make any representations to the plaintiff for the reason that he did not examine them, and, therefore, did not know what they contained. If he had examined the papers, he would have seen that the deed was blank as to grantee, and, possibly, would have learned that the abstract was defective. Notwithstanding the fact that he did not know what the papers contained, he, through his subagent, made the representations found by the jury. These representations were made when, according to the allegations of his petition, Rucker did not know whether they were true or false, although he alleges that he acted in good faith.

In *Bank v. Hart,* 82 Kan. 398, 108 Pac. 818, this court said:

"False representations are actionable when made fraudulently—that is, to induce another to part with his money or property—if believed and acted upon and made with knowledge of their falsity, or when made for such purpose by one who has no knowledge upon the subject but who intends to convey, and does convey, the impression that he does have actual knowledge that they are true, and thereby deceives the other to his injury." (Syl. ¶ 1.)

(See, also, *Breeding Association v. Scott,* 53 Kan. 534, 36 Pac. 978; *Refrigerator Co. v. Pert,* 3 Kan. App. 364, 42 Pac. 943; 20 Cyc. 24, 27.)

This principle of law controls the circumstances now being considered by the court.

Another principle that will assist in reaching a correct conclusion is that where one of several wrongdoers has been compelled to pay damages for a wrong committed, the general rule is that he cannot compel contribution from the others who

participated in the commission of the wrong. (9 Cyc. 804; 6 R. C. L. 1054-1056.)

If Rucker did not make the false representations found by the jury, that fact would have been a defense in the action of Tatlow v. Rucker. If he, in fact, did not make the false representations, judgment was wrongfully rendered against him; but the fact that judgment was wrongfully rendered against him does not, of itself, give him a cause of action against the defendants. If Rucker made the representations, he made them voluntarily, and he cannot recover from the defendants for his voluntary wrong. In either event, on the facts established by the pleadings, he cannot prevail against the defendants in this action.

The judgment is affirmed.