No. 27,021.

THE CITY OF FORT SCOTT, *Appellee,* v. THE PENN LUBRIC OIL COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. INDEMNITY—*Liability of Wrongdoer for Judgment Recovered Against City—Implied Contract.* A city authorized an oil company to erect a filling station from which to sell oil and gasoline. It was so constructed as to cause a defective and dangerous condition of a sidewalk and in violation of a city ordinance. A pedestrian using the sidewalk was injured by the defective manner in which the filling station was constructed and maintained. He brought an action against the oil company and the city, but before the action was tried the oil company agreed with the injured party upon a compromise and a release of that company for a consideration, but stipulated that the settlement should not affect the right of the injured party to proceed further against the city. He did proceed and recovered a judgment against the city. *Held,* in an action by the city to secure indemnity from the oil company, that there was a breach of the implied contract between the oil company and the city that it should exercise due care to protect the public from danger and the city from loss; that the oil company was the real wrongdoer and was primarily liable for the injury, and that the city was entitled to recover from the oil company for what it was compelled to pay to the injured person, following *City of Topeka v. Sash & Door Co.,* 97 Kan. 49, 154 Pac. 232.

2. SAME—*Judgment by Injured Party as Conclusive of Liability.* The questions involved in the action against the city, including the defense of the contributory negligence of the injured party pleaded by the city, must be deemed to have been properly determined and the judgment rendered to be conclusive evidence of the liability of the city.

3. SAME—*Notice that Party Seeking Indemnity Was Being Sued.* The finding of the court that the oil company had notice and knowledge of the pendency of the action against the city, is found to be sustained by the evidence.

4. SAME—*Allowance of Attorney's Fee—Evidence of Value of Services.* An attorney's fee was awarded to the city, and the finding of the court that counsel was legally employed and that the city received valuable benefits for his services, the reasonable value of which was fixed, has sufficient support in the evidence.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed January 8, 1927. Affirmed.

*C. Jasper Bell, James B. Nourse* and *Henri L. Warren,* all of Kansas City, Mo., for appellant.

Indemnity, 31 C. J. pp. 448 n. 99, 449 n. 5, 461 n. 40, 470 n. 56; 40 L. R. A. n. s. 1165; L. R. A. 1916F 86; 19 R. C. L. 1056, 1057.

*John L. Connelly,* city attorney, for the appellee; *Harry Warren,* of Fort Scott, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.:   The city of Fort Scott recovered a judgment for $529.05 against the Penn Lubric Oil Company as indemnity for liabilities imposed upon the city by reason of the negligence and wrong of the oil company and also for $250 as an attorney's fee in litigation which resulted from the negligence and wrong of the oil company.  That company appeals.

The oil company erected a curb filling station on one of the streets of Fort Scott, and it is alleged that it was installed in a defective way, leaving the sidewalk in a dangerous condition, in violation of the city ordinance.  In January, 1924, Fred Bollinger received serious injuries as the result of falling over the defective intake pipe which constituted a part of the filling station.  He instituted an action in April, 1924, against the city and the oil company, asking damages for injuries sustained as the result of falling over the defective pipe.  On October 3, 1924, the matter was compromised between Bollinger and the oil company, and that company secured a release from Bollinger upon the payment to him of $300. The action was dismissed as to the oil company, but in the compromise it was agreed between Bollinger and the oil company that he reserved the right to proceed further against the city, and that the compromise with Bollinger should not in anywise affect his rights against the city.  Bollinger continued the prosecution against the city, and on June 22, 1925, recovered a judgment in the sum of $500, and this amount the city, it was alleged, was compelled to pay.  There was testimony upon which a finding was made that the oil company had knowledge of the pendency of the suit against the city, and that it was requested by the city to defend the case, and notified that if it did not do so the city would be compelled to employ counsel and would look to the oil company for reimbursement for any damages recovered and also for the expense of counsel. The oil company did not appear or defend.  An attorney was employed to assist the city attorney in the trial of the case, and there is testimony that the reasonable value of his services was $250, the amount awarded.  It is contended by the oil company that when Bollinger settled with it, it operated to release the city of Fort Scott as well as itself.  In answer to that the other side say that the

release was not intended to have that effect, but expressly provided that the right of Bollinger to proceed against the city was reserved to him.

The defendant contends that under the petition as well as the evidence the release obtained by it operated as a release of the city, and that the judgment subsequently rendered against the city was without validity. It is said that a full release executed to one primarily liable operates as a discharge of the liability of another secondarily liable, and that therefore no cause of action remained against the city. Here it appears that the defendant did not obtain a full release of the injury resulting from its tort. It expressly agreed that the release it obtained should not be a full discharge of liability for Bollinger's injury, as it stipulated that the remainder of the liability of Bollinger might be prosecuted against the city, and that the settlement should not affect his right to continue the prosecution against the city. It was manifestly not the purpose of the defendant or Bollinger to settle and discharge the entire damage resulting form defendant's wrong, and was no more than a scheme to buy its peace for a small part of the damage, and was in effect an agreement that the balance might be obtained from the city because of its secondary liability. As to the liability of the defendant for such a wrong it has been determined that where a party acting under a license from a municipality, erects a structure upon a street which because of defects in its construction or negligence in keeping it in repair so that it becomes dangerous, there is a breach of the implied contract between the licensee and the municipality, that the licensee shall exercise due care to protect the public from danger and the municipality from loss, and where a person is injured by reason of the negligent defect, the licensee is primarily liable for the loss while the municipality is only secondarily liable, and the latter may recover indemnity from the licensee, the active and real wrongdoer, against loss. The rule has been thus stated:

"In nearly all, if not all, of the cases where a municipal corporation has been held answerable in damages to a traveler injured by reason of the defective construction or negligent use of space under the street, the municipality has an action over against the user of such space as one on whom is the primary liability. And it has been repeatedly decided that, in an action by the municipal corporation to recover what it has been compelled to pay to the party injured, the judgment against the corporation is conclusive evidence of its liability." (Case note, 61 L. R. A. 591; see, also, 40 L. R. A., n. s., 1165.)

A decision upon a like question has been made in *City of Topeka*

*v. Sash and Door Co.*, 97 Kan. 49, 154 Pac. 232. There the city had been compelled to pay a sum of money in satisfaction of a judgment obtained against it for personal injuries sustained by a pedestrian on account of a defective sidewalk. The defective condition was due to the active fault of the company whose plant abutted on the ·sidewalk, and it was held that the city was entitled to recover the money it was compelled to pay because of the active fault of the company in producing the defective condition. That is a controlling authority, and we find no occasion to give further consideration to the question of the right of the plaintiff to recover from the oil company.

The defendant next contends that it is not liable because Bollinger was guilty of contributory negligence, and that in the petition in this action it was not alleged that he was free from such negligence. That was a ·subject for pleading and proof in the former action against the city, and in the answer filed by the city in that case the defense of contributory negligence was pleaded, and it must be assumed that it was there tried out and the judgment rendered is conclusive of the questions involved and of the liability of the city. (61 L. R. A. 591, and cases cited.)

A question is also raised as to the sufficiency of the notice given to the defendant of the pendency of the action and the time it was set for trial. Assuming that notice was necessary it was abundantly shown that defendant had notice of the action with a request that it aid in making the defense, and at the same time the defendant was informed that the city would look to the defendant for reimbursement of any damages recovered by Bollinger in the suit as well as for the expense of additional counsel. In reply defendant said that the city was not liable for the injury, and further that it did not feel any responsibility to the city except to give its good will. Upon the testimony the trial court found that defendant had ˙ notice and knowledge of the pendency of the action, but that it did not appear or defend in the action. The finding is conclusive on that question.

An objection is made to the allowance of an attorney's fee, but the court found upon sufficient evidence that counsel was employed by the city, and that his services were recognized and accepted by the city, and that the city received valuable benefit from such services, the reasonable value of which was $250. The evidence sustains the finding of the court.

No other material question is raised, and it follows that the judgment must be affirmed.