CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. T-789.

United States District Court, D. Kansas.

March 10, 1955.

---

1. Nims gives no authority for this proposition and it is not the law of New Jersey.

Clayton M. Davis and Mark L. Bennett, Topeka, Kan., for plaintiff.

William C. Farmer, Asst. U. S. Atty., Wichita, Kan., for defendant.

WALLACE, District Judge.

The plaintiff, Chicago, Rock Island and Pacific Railroad Company, a Delaware corporation, brings this action against the Government, to recover by way of subrogation $1,581 paid out by plaintiff to one of its employees for personal injuries said employee received when struck by a mail pouch thrown from a moving train by one of defendant's postal clerks. Plaintiff seeks judgment upon the theory that the Government was primarily liable for such accident in that the Government's servant was guilty of negligence in throwing the mail bag from the train; and, that plaintiff was only secondarily liable for the resulting injuries by virtue of its non-delegable duties under the Federal Employers' Liability Act.[1] The Government asserts that plaintiff is not entitled to recover for the reason that this action in essence is one for contribution in that plaintiff's station agent, in failing to warn the injured employee of the impending danger, was guilty of negligence which cooperated or concurred with the postal clerk's negligence to bring on the injury.[2]

The evidence indicates that the accident in question occurred at plaintiff's station in Kingsdown, Kansas, on De-

---

1. 45 U.S.C.A. § 51 et seq.

2. Inasmuch as the substantive law of Kansas governs the instant case, See United States v. Acord, 10 Cir., 1954, 209 F.2d 709, 714, and Kansas does not recognize the doctrine of comparative negligence, Martin v. Weigand, 1923, 113 Kan. 611, 215 P. 1023; Marple v. Topeka Railway Co., 1911, 85 Kan. 699, 705, 118 P. 690; Missouri Pac. R. Co. v. Walters, 1908,

cember 14, 1951, at about 12:45 P.M. while one of plaintiff's west bound trains was passing the station. The Government's mail clerk on said train, one Clyde J. Sayre, while acting within the scope of his postal duties, negligently dispatched a 25 pound mail sack on the station platform instead of near the mail crane, the place designated by postal rules and regulations, which crane is located some 300 feet west of the station building.[3] The mail pouch in question struck one Charles S. Walker, employed as a locomotive engineer by plaintiff, while Walker was exercising due care for his own safety and while properly on the premises in question pursuant to his employment. Although there is some evidence that plaintiff's station agent, A. P. Maples, had observed several times previously that the mail bags were not always thrown from the trains at the precise point required by the postal instructions, the station agent had no reason to anticipate the pouch would be thrown on the station platform where Walker was standing, some 300 feet from the mail crane; and, said station agent was not guilty of negligence in failing to warn Walker of impending danger. The evidence further establishes that subsequent to the instant injury, Walker made

a claim against the plaintiff under the provisions of the Federal Employers' Liability Act;[4] and, after negotiations between the plaintiff railroad and Walker, an agreement of compromise was reached whereby Walker released plaintiff and all other persons from liability for the sum of $1,523 for personal injury plus $58 for medical expense. Said sums were just and reasonable and were paid by plaintiff to Walker. The release given by Walker provided among other things that "This release shall run and inure to the benefit of the United States Mail Service as fully as to said Railroad Co."

In view of the foregoing facts plaintiff is entitled to judgment. The following conclusions are given in support of the Court's ruling:

1. The Court has jurisdiction over the parties and over the subject matter of this action.[5]

2. Under the Kansas law a civil action for money damages accrued to the plaintiff when the plaintiff discharged the secondary legal liability to its employee Charles S. Walker for the injury which resulted solely from the active primary negligent act of the Government's postal employee while such employee was acting within the scope of his employment.[6]

---

78 Kan. 39, 96 P. 346 and does not allow contribution, Rucker v. Allendorph, 1918, 102 Kan. 771, 172 P. 524, if both plaintiff and defendant (or their servants) were guilty of negligence which combined to form the proximate cause of the instant injury, plaintiff would have no right of recovery against the defendant. Cf. Tilden v. Ash, 1937, 145 Kan. 909, 67 P.2d 614, 615, wherein it was observed in Syllabus No. 2 by the court: "Substantially concurrent negligent acts of two or more persons render all liable as joint tort-feasors where the act or acts of each contribute to the injury. In such circumstances the degree of culpability of each is immaterial and each is liable for the entire damage."

3. The parties stipulated: "With respect to the point of dispatch of mail sacks from both eastbound and westbound trains which do not stop at Kingsdown, the rules, regulations and orders promulgated by defendant, and accepted by and with knowl-

edge of the plaintiff, and the instructions given to Clyde J. Sayre and other of defendant's postal employees are that such mail sacks shall be dispatched from the mail car 'just before reach crane', meaning the mail crane located 300 feet west of plaintiff's depot building. Such orders and instructions also provide that 'just before reach crane' is intended to mean from 25 feet to 75 feet before reaching crane in a space free from obstructions. * * *"

4. See footnote 1, supra.

5. See 28 U.S.C.A. § 1346(b); Also, read United States v. Yellow Cab Co., 1951, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523; United States v. Chicago, R. I. & P. R. Co., 10 Cir., 1948, 171 F.2d 377; and Chicago, R. I. & P. R. Co. v. United States, D.C.Ill., 1954, 122 F.Supp. 368.

6. The applicable principle is recognized in Fenly v. Revell, 1951, 170 Kan. 705, 228

640

3. The payment by plaintiff was made in good faith under a genuine and enforceable legal claim and plaintiff is entitled to be indemnified by defendant even though such payment was in compromise and was not in satisfaction of a judgment.[7]

Plaintiff is entitled to judgment in the amount of $1,581.

Within 15 days counsel should submit a journal entry which conforms with this opinion.

Dora A. COY, Executrix of the Estate of Frank M. Coy, Deceased, Plaintiff,

v.

Oveta Culp HOBBY, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 12802.

United States District Court,
W. D. Pennsylvania.

March 9, 1955.

P.2d 905, 908 where the court said: "* * * It has been often stated that it (subrogation) is a creature of equity invented to prevent a failure of justice and is broad enough to include every instance in which one party is required to pay a debt for which another is primarily answerable, and which, in equity and good conscience ought to be discharged by the latter." Also, read City of Fort Scott v. Penn Lubric Oil Co., 1927, 122 Kan. 369, 252 P. 268. Cf. St. Louis-San Francisco Ry. Co. v. United States, 5 Cir., 1951, 187 F.2d 925 where in dealing with Mississippi law which permits the right of indemnity as distinguished from contribution syllabus No. 2 provides: "Complaint alleging that United States, without giving plaintiff railway company proper warnings or taking proper precautions as to poisonous bombs to prevent injury therefrom but negligently omitting both, had, without any fault on plaintiff's part, permitted bombs to become leaky and dangerous and to cause injury and damage to plaintiff's employees, when shipped on plaintiff's line, that plaintiff settled and compromised employees' claims for reasonable and just sums, that as between it and defendant, plaintiff was without fault, stated a cause of action against the United States under Federal Tort Claims Act. 28 U.S. C.A. §§ 1346, 2671 et seq.; Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq." Also, read Waylander-Peterson Co. v. Great Northern Ry. Co., 8 Cir., 1953, 201 F.2d 408, 37 A.L.R.2d 1399. Distinguish the case at bar from United States v. Acord, footnote 2, supra, wherein the trial court found as a matter of fact that the railroad's station agent was guilty of negligence in failing to warn the injured employee that the mail sack would be thrown from the moving train.

7. See the St. Louis-San Francisco Ry. Co. case, footnote 6, supra (and quoted sylla-

Walker & Newman, Pittsburgh, Pa., for plaintiff.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for defendant.

bus in footnote); and, United States v. Chicago, R. I. & P. R. Co., footnote 5, supra, wherein syllabus No. 7 provides: "In action against the United States by railroad as subrogee or indemnitee of brakeman for injuries brakeman received when his foot was caught between floor board of engine and pile of blacktop material lying immediately adjacent to railway tracks within military reservation in Oklahoma, evidence sustained finding that railroad and its employees were not negligent, that brakeman's injuries were sole and proximate result of negligence of the United States and its employees and that $7,650 paid by railroad to brakeman in settlement of claim was reasonable." See also, Chicago, R. I. & P. R. Co. v. United States, arising out of Illinois, cited in footnote 5, supra.