No. 44,786

John M. Russell, *Appellee,* v. Community Hospital Association, Inc. *and* The Nuns of the Third Order of St. Dominic, a Corporation, d/b/a Central Kansas Medical Center, *Third-party Plaintiffs, Appellants,* v. Dondlinger and Sons Construction Company, Inc. and John A. Shaver, Robert I. McKay and John D. Smutz, a Partnership, d/b/a Shaver & Company, *Third-party Defendants, Appellees.*

(428 P. 2d 783)

Opinion filed June 10, 1967.

*Warren H. Kopke,* of Great Bend, argued the cause and was on the brief for the third-party plaintiffs, appellants.

*Herb Rohleder,* of Great Bend, argued the cause, and *Tudor W. Hampton* and *Jerry M. Ward,* also of Great Bend, were with him on the brief for the third-party defendants, appellees.

*M. John Carpenter* and *John M. Russell,* both of Great Bend, were on the brief for the appellee, John M. Russell.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the district court of Barton County, Kansas, dismissing a third-party petition on motion of the third-party defendants.

The only question here for consideration is whether the trial court erred in sustaining the third-party defendants' motion.

John M. Russell (plaintiff-appellee) filed a petition in the district court of Barton County, Kansas, on the 4th day of April, 1966, instituting an action for the recovery of damages against the Community Hospital Association, Inc. and The Nuns of the Third Order of St. Dominic, a Corporation, d/b/a Central Kansas Medical Center (third-party plaintiffs-appellants), for injuries alleged to have occurred on or about the 24th day of October, 1964, when it is alleged he missed his footing and fell on certain outdoor steps which led to the parking lot. In his petition he alleged negligence on the part of the appellants "in the construction, operation and maintenance of said stairway," upon which his alleged fall occurred.

The appellants on the 5th day of May, 1966, answered, specifically denying that they constructed said stairway or that they were negligent in the construction, operation and maintenance of the stairway. They further alleged that "if said stairways were improperly constructed, the responsibility therefor lies with the General Contractor and Architect designing and constructing said stairways."

Thereafter on the 8th day of May, 1966, the appellants filed their third-party petition wherein reference is made to the allegations of the petition concerning negligence in the construction of the stairway in question. The appellants then allege "that the design and construction of the stairway in question was handled, designed and constructed by the defendants herein referred to as the Third-Party Defendants. That said hospital facility had recently been completed by the said Third-Party Defendants herein named, and that the negligence as alleged by plaintiff if any there be, and if same is found to exist, is properly the negligence and responsibility of the Third-Party Defendants herein named."

The third-party defendants named were Dondlinger and Sons Construction Company, Inc., the general contractor, and John A.

Shaver, Robert I. McKay and John D. Smutz, a Partnership, d/b/a Shaver & Company, the architects (third-party defendants-appellees).

On the 26th day of May, 1966, the third-party defendants moved to dismiss the third-party petition filed against them on the ground that it failed to state facts constituting a claim against them, and asserting that under the law of Kansas they cannot be made parties to the pending litigation upon the petition of the third-party plaintiffs.

After due notice the trial court heard the motion on the 7th day of June, 1966, and sustained it dismissing the third-party petition. Appeal has been duly perfected.

The third-party defendants argue the petition filed by the plaintiff in this action is drawn upon the theory of negligence only, and that the third-party petition is based solely upon negligence. They argue the plaintiff has chosen whom he desires to look to for recovery, and has not made any attempt at claiming recovery against the third-party defendants, so that the end result depends upon whether the appellants were or were not negligent. The third-party defendants contend if the appellants can prove the cause to have been in other parties, then they are not liable.

The third-party defendants rely solely upon the authority of *Alseike v. Miller*, 196 Kan. 547, 412 P. 2d 1007. Their brief consists entirely of extended quotations taken from the syllabus and opinion in the *Alseike* case.

The section of the civil code authorizing third-party practice is K. S. A. 60-214. The applicable portion of this statute reads:

"(*a*) *When defendant may bring in third party.* At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. Leave to make the service need not be obtained if the third-party complaint is filed not later than five (5) days after the answer to the complaint is served. Otherwise leave must be obtained on motion upon notice to all parties to the action. The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in section 60-212 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in section 60-213. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter

of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in section 60-212 and his counterclaims and cross-claims as provided in section 60-213. Any party may move for severance, separate trial or dismissal of the third-party claim. A third-party defendant may proceed under this section against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant."

Here the third-party petition was filed within five days after the answer to the petition was served, as provided by the foregoing section of the statute.

We are not at liberty to speculate as to what the evidence may eventually establish concerning the alleged negligence of the appellants, but must view the case in its present posture—prior to discovery proceedings and prior to pretrial. We are informed in appellants' brief that they engaged the third-party defendants, Shaver & Company, as architects to design and supervise the construction of the medical center. They also engaged third-party defendants, Dondlinger and Sons, to build the structure. The completion of the structure was accomplished approximately March 1, 1964, and the injuries complained of in the plaintiff's petition occurred on October 24, 1964.

Kansas adheres to the common-law rule that there is no right of contribution between joint tort-feasors. (*Rucker v. Allendorph*, 102 Kan. 771, 172 Pac. 524.) The court in *Alseike* recognized this fact and further recognized that the legislature in adopting our present code of civil procedure declined to create this right as initially recommended by the advisory committee. (See, J. C. B., November, 1962, Special Report, Recommendations, p. 38.)

In order to come within the provisions of 60-214 (*a*), *supra*, the third-party plaintiffs' claim against the third-party defendants must be such that the latter are or may be liable to the third-party plaintiffs for all or part of plaintiff's claim against them. In the *Alseike* case it was determined that the third-party action would not lie when the basis of the third-party plaintiffs' claim was designed to seek contribution from a joint tort-feasor. In the opinion the court said:

". . . Contribution being forbidden there is no way in which the third-party defendants are or may become liable to defendant for all or part of plaintiff's claim against defendant. . . ." (p. 550.)

Counsel for the respective parties have presented and briefed this case on appeal as one involving a procedural question only. Therefore, inasmuch as the construction and particular design of the hospital structure in question is in issue as an element of negligence, we shall assume that sufficient evidence may be produced under the foregoing pleadings to hold the persons designing or constructing the building responsible for resulting damages as a matter of substantive law. In this connection see *Inman v. Binghamton Housing Auth.*, 3 N. Y. 2d 137, 164 N. Y. S. 2d 699, 143 N. E. 2d 895, 59 A. L. R. 2d 1072 (see annotation entitled "Architect's liability for personal injury or death from improper plans or design," 59 A. L. R. 2d 1081); *Hale v. Depaoli*, 33 Cal. 2d 228, 201 P. 2d 1, 13 A. L. R. 2d 183 (see annotation entitled "Negligence of building or construction contractor as ground of liability upon his part for injury or damage to third person occurring after completion and acceptance of the work," 13 A. L. R. 2d 191); and *Hanna v. Fletcher*, 97 App. D. C. 310, 231 F. 2d 469, 58 A. L. R. 2d 847 (see annotation entitled "Negligence of building or construction contractor as ground of liability upon his part for injury or damage to third person occurring after completion and acceptance of the work," 58 A. L. R. 2d 865.) See, also, 5 Am. Jur. 2d, Architects, § 25, p. 688; and 13 Am. Jur. 2d, Building, Etc. Contracts, §§ 139, 140, pp. 129, 131.

If there is fault in the construction and particular design of the hospital structure, the architect or the contractor is primarily at fault, assuming the appellants relied upon the skill of these people in the development of the premises. Furthermore, if the appellants are responsible to the plaintiff for allowing these faults to exist in the few months following completion of the project, the appellants' fault would be passive or subordinate to the fault of the architect or contractor. Under these circumstances, should not the appellants be entitled to recover against the persons responsible for the primary fault by way of indemnity? The proposition is discussed in 27 Am. Jur., Indemnity, § 18, as follows:

"The principle involved in the rule that as between joint wrongdoers there can be no contribution, and that one of several persons who have become liable to another for a delict cannot, if compelled to discharge the whole, enforce contribution from his co-wrongdoers is likewise applicable where indemnity, as distinguished from contribution, is sought. But the operation of this rule against recourse is greatly circumscribed, with the result that one constructively liable for a tort is generally held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person

seeking indemnity by statute or by rule of the common law, and irrespective of the existence of an express contract to indemnify. Accordingly, it has been stated that a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not. In this connection it has been observed that where one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage, the rule denying contribution or indemnity between joint tort-feasors does not apply, the parties not being in pari delicto as to each other, though either may be held liable as to third persons. The right of an indemnitor of a joint tort-feasor to indemnity from the co-wrongdoer or his indemnitor apparently depends upon the right of the joint-tort-feasor to indemnity against his co-wrongdoer." (pp. 467, 468.)

The foregoing rule has been recognized in Kansas permitting a party who has been held liable to look for indemnity from a third party who was the real wrongdoer and primarily liable for the injury.

In *City of Topeka v. Sash & Door Co.*, 97 Kan. 49, 154 Pac. 232, the city of Topeka was found liable for injuries sustained by a person lawfully using a defective sidewalk, and it was held the city could recover from an abutting property owner whose active fault caused the defective sidewalk. In the opinion the court said:

"1. The defendant caused the defective condition of the sidewalk. The plaintiff did not participate in producing that condition. The plaintiff was negligent in permitting the condition to remain, but it did not in any manner cause the condition. The plaintiff was not in equal wrong with the defendant. In 40 L. R. A., n. s., 1165-1172, is found an exhaustive note on 'Right of municipality to recover indemnity or contribution from one for whose tort it has been held liable.' A large number of cases are there cited to support the proposition that where municipalities have been held liable for injuries sustained by persons lawfully using defective streets or sidewalks, the cities can recover from those whose negligence or active fault as abutters, licensees or volunteers caused the defective conditions. (See, also, Note, 61 L. R. A. 591.) . . ." (p. 50.)

The foregoing decision was affirmed and the proposition applied in *City of Fort Scott v. Penn Lubric Oil Co.*, 122 Kan. 369, 252 Pac. 268.

The United States Court of Appeals, Tenth Circuit, applying Kansas law in *Security Insurance Co. of New Haven v. Johnson*, 276 F. 2d 182 (1960), held that where the negligence of the railroad could have been the railroad's failure to discover the dangerous situation allegedly caused by the contractors' active negligence, and the dangerous situation caused a workman's death, the insurance

company which had agreed to indemnify the railroad against liability for injuries to its workmen resulting from construction or operation of the facilities under the railroad track, as subrogee of the railroad, could recover indemnity from the contractors, if their active negligence was responsible for the workman's death. In the opinion the court said:

"The general rule is that, in the absence of express contract, there is no contribution between joint tort-feasors. But where they are not *in pari delicto,* and their negligence is substantially different not merely in degree but in character, it is generally recognized that indemnity may be awarded. . . .

"Concentration in the arguments on the active-passive idea must not becloud the more fundamental basis of the doctrine which, as demonstrated by the authorities cited above, has been found to have application also by reason of otherwise described differences turning upon primary and secondary liability, actual fault as distinguished from that which is imputed or constructive, knowledge or lack of knowledge, or the nature of the respective duties to the persons injured or between the parties charged. As historically traced by the Supreme Court in the Washington Gaslight Co. case [*Washington Gas Co. v. Dist. of Columbia,* 161 U. S. 316, 40 L. Ed. 712, 16 S. Ct. 564], such distinctions had their roots in concepts of relative delinquency or culpability. The fundamental limitation as applied by this court in United States v. Acord, supra [*United States v. Acord,* 209 F. 2d 709 (10th Cir. 1954), cert. den. 347 U. S. 975, 98 L. Ed. 1115, 74 S. Ct. 786], is that the character of the negligence must be essentially different; and, of course, indemnification must be rationally justified upon equitable considerations.

"Liability to indemnify must be determined in accordance with the laws of the place where the acts or omissions giving rise to it occurred, which in this case was Kansas. United States v. Acord, supra. The rule that there can be no contribution between joint tort-feasors is there recognized. Rucker v. Allendorph, 102 Kan. 771, 172 P. 524. The exception to that rule allowing indemnity under certain circumstances also is recognized in Kansas. Counsel for appellees states that the Kansas Supreme Court has not decided any case involving purely the 'active-passive' relationship, and we have found none in that court presenting a fact situation precisely in point. But see Chicago, Rock Island & Pacific R. Co. v. United States, D. C. D. Kan. 1955, 129 F. Supp. 637.

"It has been held by the Kansas Supreme Court, however, that an employer may be entitled to indemnification from his employee when called upon to respond to the claims of a third party under the doctrine of respondeat superior. Fenly v. Revell, 170 Kan. 705, 228 P. 2d 905; and that a municipality liable to an injured pedestrian by reason of its non-delegable duty to maintain its streets and walks is entitled to indemnity from the abutting property owner causing the dangerous condition. . . .

"We perceive no real difference in the position of the railroad, or its subrogee here, and that of a municipality entitled in Kansas to indemnity from an abutting property owner actively creating a hazard which the municapility negli-

gently fails to discover and correct. The inescapable basis and rationale of the Kansas decisions seem applicable to the case at bar. Both the carrier and the municipality would have had the duty to use reasonable care to discover the unsafe or defective condition." (pp. 185, 186.)

Not only is the foregoing theory well established in Kansas, but is recognized federally as well. (*Waylander-Peterson Co. v. Great Northern Ry. Co.*, 201 F. 2d 408, 37 A. L. R. 2d 1399 [8th Cir. 1953].)

Under the foregoing theory, the negligence of the architect or contractor, if any, may prove to be the primary or active cause of the injury and the appellants would be entitled to indemnity. On this theory the case at bar falls outside the scope of the *Alseike* decision, and the third-party petition is not one designed to exact contribution between joint tort-feasors, but one designed to seek indemnity from the third-party defendants by reason of their primary liability—precisely a situation encompassed within the provisions of K. S. A. 60-214(a).

The provision in 60-214(a), *supra*, authorizing any party to move for dismissal of the third-party claim, does not grant the trial court discretionary power on the third-party defendants' motion to dismiss a third-party complaint where the third-party complaint is *properly* filed, as in the instant case. It is only where the third-party complaint is improperly filed, as in the *Alseike* case, that the trial court may dismiss the third-party complaint. We hasten to add, however, we do not here pass upon the power of the trial court to dismiss a third-party complaint, which is properly filed, where the movant is the plaintiff in the action, or the third-party plaintiff.

We hold the trial court erred in sustaining the third-party defendants' motion to dismiss the third-party petition which was properly filed in this action.

Accordingly, the judgment of the lower court is reversed.