No. 26,984.

THE CITY OF McPHERSON, *Appellant,* v. H. M. STUCKER, N. E. STUCKER and N. E. STRACHAN, doing business under the name of STUCKER, STUCKER & STRACHAN, and THE FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Appellees.*

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

BUILDING AND CONSTRUCTION CONTRACTS—*Breach of Contractor's Agreement— Liability for Damages.* A contractor who agrees to build a structure to be used for a particular purpose is liable for all natural and resultant damages from failure so to do.

Appeal from McPherson district court; WILLIAM G. FAIRCHILD, judge. Opinion on rehearing filed June 11, 1927. Former judgment adhered to. (For original opinion of reversal see 122 Kan. 595.)

*Gus Nyquist, Frank O. Johnson, James A. Cassler,* all of McPherson, and *Bert Steeper,* of Kansas City, Mo., for the appellant.

*C. A. Smart,* of Lawrence, *P. J. Galle* and *James L. Galle,* both of McPherson, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for damages for failure to waterproof a concrete standpipe. A demurrer to the city's evidence was sustained and the city appealed. Decision was rendered February 12, 1927, reversing the judgment. (*City of McPherson v. Stucker,* 122 Kan. 595.) Defendants then filed a motion for rehearing, which was allowed, and the case has been again submitted. A brief statement only of the facts is necessary.

The city advertised for bids to build a concrete water tower. The specifications on which bids were invited contained the statement: "Full specifications as to method of waterproofing shall be submitted with the bid which shall include the weight per·square foot or yard of fabric and bituminous material to be used." Defendants were low bidders. Their bid contained the following alternative proposition: "If Ferro-tite waterproofing is used, deduct $700." The city, after referring the matter to their engineers for investigation, entered into a contract with the defandants allowing the use of the Ferro-

Building and Construction Contracts, 9 C. J. pp. 745 n. 58, 61, 746 n. 62, 809 n. 7.

tite process. Defendants sublet the waterproofing, taking a bond from their subcontractor for a water-tight structure. Specifications of the waterproofing were furnished by the defendants or their subcontractors, were accepted by the city and the work proceeded. The tank when completed and tested was found to leak. All together, three attempts were made by the subcontractor to make it watertight. They failed and defendants declined to proceed further, advised and requested the city to finish the job. It did so. It advertised for bids, completed the work and sued to recover its damages. The trial court was of the opinion the contractors did not guarantee a water-tight structure, a result, but guaranteed only material and workmanship. This court thought otherwise and has not changed its view. The same questions are again presented, perhaps in some respects more clearly. The defendants contend that they furnished the material and did the work in accordance with the plans and specifications furnished by the city; that the failure to produce the desired result, a water-tight tank, was because of the city's faulty specifications and not because of faulty material or workmanship; that the work was done strictly in accordance with the plans and specifications furnished by the city; that they are not liable for defects in the work due to faulty structural requirements contained in such plans and specifications. Material parts of the contract were set out in the original opinion and need not be again quoted. The plans and specifications submitted by the city show that in the waterproofing specifications, great latitude was given the contractor as to methods and materials to be used; that any one of several methods might be used, but that the contractor should furnish full specifications for such waterproofing. The defendants suggested the Ferro-tite method, represented that it would produce a water-tight job; said it was guaranteed and took a bond from their subcontractor. The defendants, through their subcontractor, furnished the specifications in accordance with their contract with the city. Through their subcontractor they undertook the work. After the three unsuccessful attempts through the Ferro-tite method to make the tower water-tight, defendants and their subcontractor admitted failure, suggested that the city take over the waterproofing and pay for it. The city followed the suggestion, waterproofed the tank and brought this action to recover its damages. A further elaboration of the issues would serve no useful purpose. Numerous authorities cited by the defendants are, in our opinion, not applicable for the

reason that the defendants suggested the Ferro-tite method of water-proofing and guaranteed a result, a water-tight tank.

"Where the contractor agrees to build a structure to be used for a particular purpose, there is an implied agreement on his part that the structure when completed will be serviceable for the purpose intended. . . . Where the contract contains a guarantee or warranty, express or implied, that the builder's work will be sufficient for a particular purpose or to accomplish a certain result, unless waived by the owner, the risk of accomplishing such purpose or result, is on the builder and there is no substantial performance unless the work is sufficient for such purpose or accomplishes such result." (9 C. J. 745.)

The defendants failed to deliver the thing agreed upon and are liable for the natural and reasonable damages arising because of such failure. A suggestion is made that this court should indicate the measure or the method of arriving at plaintiff's damages. Because of the condition of the record and the lack of briefs on the question, it is not properly here for determination.

The original judgment of reversal is adhered to.