No. 28,916.

THE CITY OF MCPHERSON, *Plaintiff,* v. STUCKER, STUCKER & STRACHAN, Copartners, *Appellants;* THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and THE CONTRACT WATERPROOFING COMPANY, *Appellees.*

(282 Pac. 703.)

Opinion filed December 7, 1929.

*P. J. Galle, James Galle,* both of McPherson, and *C. A. Smart,* of Lawrence, for the appellants.

*F. O. Johnson, J. R. Rhoades, James A. Cassler,* all of McPherson, and *R. P. Williams,* of St. Louis, Mo., for the appellee the Contract Waterproofing Company.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the court overruling a motion for a judgment on the entire record.

In order better to understand the question presented by this motion the record of the case must be considered. That portion of the record pertinent to our present inquiry may be stated as follows: The city of McPherson, desiring to build a concrete waterproof tower for its system of waterworks, after having plans and specifications prepared for that purpose, let a contract for the work to Stucker, Stucker & Strachan, by the terms of which the contractors undertook, for an agreed consideration, to furnish all of the material and labor and to construct the water tower in accordance with the plans and specifications, and warranted and guaranteed that the tower when so constructed would not leak for a term of one year. The contractors gave the statutory bond, which was signed by the Fidelity and Deposit Company of Maryland as surety. The contract specified the particular kind of waterproofing to be used. This waterproofing is manufactured and applied to water towers by the Contract Waterproofing Company, of St. Louis. Stucker, Stucker & Strachan made a contract with the Contract Waterproofing Company by the terms of which the latter company agreed, for a named consideration, to furnish the labor and material and apply its waterproofing to the tower after it was constructed, and in this contract warranted and agreed that the waterproofing would hold water and would not leak for a period of one year, and to secure the faithful performance of its contract it executed to Stucker, Stucker & Strachan its bond, signed by the Fidelity and Deposit Company of Maryland as surety. The water tower was constructed by the contractors and the waterproofing applied by the subcontractor, but the tower did not hold water. The reason the tower would not hold water was thought to be in the waterproofing, and the Contract Waterproofing Company having been notified of that fact undertook to correct the trouble, but was unable to do so. After considerable effort to correct the trouble both the contractors and the subcontractor ceased further efforts, and the city of McPherson was compelled to, and did, let another contract, using different ma-

terials for the waterproofing of the tower, and was successful in having it hold water. The cost of this work to the city of McPherson was about $6,000. The city sued the contractors, Stucker, Stucker & Strachan, and their bondsman for the amount it had thus expended, and as a basis for recovery alleged that defendants "did put in a waterproofing which material was defective and inferior and not such as required by the plans and specifications; that the work in putting it on was done unskillfully and not properly put on and it peeled off and did not stay, and the standpipe did not hold and retain the water." Following the filing of this action, and before the issues therein were completed, Stucker, Stucker & Strachan, in writing, notified the Contract Waterproofing Company that the action had been filed and that the city predicated its right to recover upon the fact that the materials used in waterproofing the tower and the workmanship furnished by the Contract Waterproofing Company were inferior and unskilled, and specifically requested the Contract Waterproofing Company to come into said cause and defend the same, inasmuch as the city made no complaint of any part of the work except the waterproofing. The Contract Waterproofing Company declined to comply with that request. The city had not paid the contractors the full sum due them under their contract, and they counterclaimed for about $4,500 unpaid on their contract. They also took the position that since their contract with the city specified the character of waterproofing to be used on the tower, and that having been used, they were not liable for the defects in the tower resulting therefrom.

The case involving this last question reached this court (*City of McPherson v. Stucker*, 122 Kan. 595, 256 Pac. 963; 123 Kan. 584, 256 Pac. 963), where it was held in effect that under the contract between the city and Stucker, Stucker & Strachan the contractors had guaranteed a water-tight structure, and that they were liable to the city for the breach of that guaranty without regard to whether the fault lay in the part of the tower constructed by the contractors, or in that part of it constructed by the subcontractor. Thereafter the city amended its petition so as to predicate its right of action on the allegation that the defendants, Stucker, Stucker & Strachan, had "failed to produce a water-tight standpipe." The defendants Stucker, Stucker & Strachan plead to that petition and also filed a cross petition against its codefendant, the bonding company, in which it alleged in substance that any defects in the tower

were the fault of the Contract Waterproofing Company, and contended that the bonding company, as surety for the Contract Waterproofing Company, was liable to the contractors for any sum they might be compelled to pay to the city. The bonding company contended it was not in court for the purpose of being sued on that bond, but only in court on the bond which it had signed for the contractors. On this point the trial court held against the bonding company, and there has been no appeal from that ruling. The cause went to trial on the amended pleadings as between the city and the contractors, Stucker, Stucker & Strachan. At the close of the evidence the court instructed the jury, among other things:

"There is very little or no controversy in the evidence in this case and under our state law as it appears in this action the evidence is conclusive that the concrete work is perfect and under the contract made and entered into between the city and the defendants, Stucker, Stucker & Strachan, that they guaranteed or warranted a water-tight standpipe and that the standpipe as constructed by them with the Ferro-tite waterproof lining as furnished by the Contract Waterproofing Company failed to waterproof the standpipe and prevent its leaking and the defendants thereby failed to deliver the thing agreed upon and they are liable for the natural and reasonable damages arising because of such failure."

The only real controversy at the trial of the case was the allowance of the items claimed by the city as making up its expense or damage. A verdict was returned in favor of the plaintiff and against the defendants, over and above the sum the city owed the contractors under their contract, in the sum of $1,501. Stucker, Stucker & Strachan have paid this judgment. In the trial no issue was submitted to the jury with respect to the liability of the bonding company, that being specifically reserved for the determination of the court. Thereafter the bonding company filed an amended answer to the amended and supplemental cross petition of Stucker, Stucker & Strachan in which it alleged the failure of Stucker, Stucker & Strachan to construct the water tower in accordance with the plans and specifications in many details, and particularly with the concrete work, as a result of which the water tower had not been constructed so that it could be waterproofed successfully by the Contract Waterproofing Company. Thereafter the Contract Waterproofing Company, by leave of court first obtained, filed its answer to the cross petition of Stucker, Stucker & Strachan against the bonding company, in which it adopted the amended answer of the bonding company and made the same a part of its answer, and

by way of cross petition against Stucker, Stucker & Strachan sought to recover from the contractors the amount of its subcontract, $4,492.98, and an additional amount, $3,350, over and above the contract, which it alleged it had expended in an effort to make the waterproofing water-tight, and prayed for judgment against the contractors in the sum of $7,492.98.

Thereafter the defendants, Stucker, Stucker & Strachan, moved the court to enter judgment in their favor against their codefendant, the Contract Waterproofing Company, for the amount they had been held liable to the city less the sum they owed the Contract Waterproofing Company (about $2,900) for the reason that, upon the entire record, they were entitled to such judgment without further trial. This motion was considered by the court and overruled, and the contractors, Stucker, Stucker & Strachan, have appealed.

Appellants contend that in the trial of the action between them and the city of McPherson there was determined not only the fact of their liability to the city, but the amount of it, and that it was caused by the defective waterproofing, or the manner in which it was applied, and that these questions are not open to further litigation between appellants and the Contract Waterproofing Company by reason of the fact that they had given notice to the Contract Waterproofing Company of the action brought by the city against them, and the basis of the city's claim, and had requested the Contract Waterproofing Company to defend that action, which request was ignored. This contention must be sustained.

It may be stated as a general rule that when a party is sued in an action and the circumstances are such that a third party is liable over to defendant in the event defendant is liable to plaintiff, and defendant notifies the third party of the action and requests him to defend, but he declines to do so, and the action proceeds to trial, resulting in a judgment against defendant, which he satisfies, and then seeks to recover from the third party, such third party is concluded by such judgment as to all material questions determined therein. (14 R. C. L. 61; 31 C. J. 460, 461; *Ireland v. Bank,* 103 Kan. 618, 620, 176 Pac. 103; *Graves v. Bulkley,* 25 Kan. 249.) The rule is applicable in an action against a city, or a city and another, where the other is liable over to the city (*City of Fort Scott v. Penn Lubric Oil Co.,* 122 Kan. 369, 252 Pac. 268), or as between principal and agent when the principal has been sued because of

the default of the agent, and the agent is liable over to the principal (*Bank v. Bank*, 116 Kan. 530, 533, 227 Pac. 365), or in the case of warranty of title for goods sold, which the purchaser has resold on a similar warranty (*Guarantee Title and Trust Co. v. Viola State Bank*, 124 Kan. 776, 262 Pac. 1037). We may note here that appellees cite the case of *City of Topeka v. Sash & Door Co.*, 97 Kan. 49, 154 Pac. 232, and say in their brief:

"The defendant in that case was allowed to make defense and resist the claim of the city, although the city gave notice of the suit when it was commenced and asked the defendant to come in and defend."

It is clear that counsel did not correctly interpret that case. It came to this court on an appeal from an order overruling a demurrer to the petition. Appellant argued "that the parties to this action are *in pari delicto* and that therefore the one cannot recover from the other." The court decided against that contention. The question as to the extent the defendant was concluded by the judgment against the city was not presented or decided.

Many cases in support of the rule above stated are collected in Decennial Digest under the subject Indemnity, § 14. We do not deem it necessary to set them out and comment on them here. A few of the decisions hold the judgment to be *prima facie* only, but the great majority hold it to be conclusive. We regard the statement of the rule in *Ireland v. Bank*, supra, to be correct.

The fact that the third party who is liable over to defendant is a nonresident of the state in which the suit is brought does not prevent the operation of the rule. (*South Bend Pulley Co. v. Fidelity, etc., Co.*, 32 Ind. App. 255.)

Naturally the party who is charged with being liable over can always make the defense that the circumstances are such that he is not liable over. But that point is not seriously stressed here, and if it were it would be unavailing, for the written guarantee of the Contract Waterproofing Company to the contractors, Stucker, Stucker & Strachan, is that when treated by them the tower "will remain waterproof and water-tight for a period of one year." This is in harmony with the guarantee of the contractors to the city. The guarantee of the Contract Waterproofing Company does contain the proviso "that said surfaces, and the waterproofing seal thereon, are not fractured or broken by settlement or other causes beyond our control, or, that said surfaces and the waterproofing seal thereon are not punctured by drilling through same." Appellees lay much stress

on the clause in this guarantee, "or other causes beyond our control," but this refers to the surfaces and the waterproofing seal thereon being fractured or broken by settlement or other causes. While the answers of the appellees contain many allegations of defaults of the contractors in the size and kind of stone and gravel used and the manner in which the work was done in building the cement tower, as not being in strict conformity to the contract, the answers contain no allegation that the surfaces or the waterproofing seal thereon were fractured or broken by settlement, or by any cause; neither do they contain any allegation that the surfaces or waterproofing seal thereon were punctured by drilling through same, hence their answers contain no allegation bringing them within the proviso of the warranty. The fact that the Contract Waterproofing Company is liable over to the contractors is therefore clearly established by the pleadings.

The rule above mentioned is that the third party liable over is concluded by the judgment against the defendant in the action only as to all material questions determined therein. Appellees stress this provision and cite *Stroup v. Pepper*, 69 Kan. 241, 245, 76 Pac. 825, where it was said:

". . . the judgment in the prior action operates as an estoppel only as to those matters in issue upon the determination of which the finding was made or the judgment rendered, . . ."

Allied cases from our own courts and others, and text writers, are cited, and it is argued that the judgment in favor of the city of McPherson and against Stucker, Stucker & Strachan did not determine liability as between the defendants in that action and the Contract Waterproofing Company. The record does not support this contention. When the city first filed its action, the only default of the contractors charged was in defective waterproofing and the manner in which it was applied, with the result that it cracked and peeled off and would not stay, and let the water through. The defendants notified the Contract Waterproofing Company of the contention of the city and pointed out that was the only defect it charged against the contractors. After the case had been to this court and the contract construed it is true the city amended its petition and made a general charge against the contractors that the tower would not hold water, but on the actual trial under that petition the evidence was such that the court instructed the jury:

". . . the evidence is conclusive that the concrete work is perfect . . . and that the standpipe as constructed by them with the Ferro-tite waterproof

lining, as furnished by the Contract Waterproofing Company failed to waterproof the standpipe and prevent its leaking," . . .

rendering the defendants liable to the city. So, not only was the liability of the contractors to the city determined in that action, but the cause of that liability was actually litigated and determined. Under the rule above announced and the authorities cited and referred to in support thereof the Contract Waterproofing Company cannot again litigate that question.

The result is that the judgment of the court below must be reversed with directions to enter judgment in favor of the contractors, Stucker, Stucker & Strachan, and against the appellees for the amount which the contractors were held liable to the city of McPherson less the sum the contractors had agreed to pay the Contract Waterproofing Company under its subcontract.

It is so ordered.