**GOVERNMENT OF THE VIRGIN ISLANDS**

v.

**2.6912 ACRES OF LAND, et al.**

Nos. 16,510/11, 16,549 and 17,027/30

United States Court of Appeals

Third Circuit

Argued January 29, 1968

Filed June 13, 1968

*See, also, 396 F.2d 3*

SAMUEL J. DAVIDSON, ESQ., Jersey City, N.J., U.S.A., *for Government of the Virgin Islands, appellant in 16,510 16,511*

THOMAS D. IRELAND, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for Clifford Callwood, appellant in 17,027; Algernon Maduro, appellant in 17,029; Mary McIntosh, appellant in 17,030; and Harry Mardenborough, appellant in 16,549*

WILLIAM W. BAILEY, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for Kruger Associates, appellant in 17,028*

GEORGE H. T. DUDLEY, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for A. H. Lockhart & Co., Inc., appellees in 16,510 and 16,511*

Before KALODNER, STALEY and ALDRICH, *Circuit Judges*

STALEY, *Circuit Judge*

### OPINION OF THE COURT

These appeals, consolidated in the district court proceedings and in this court, are taken from judgments of

the District Court of the Virgin Islands entered after that court had "affirmed and adopted" a report of the Commissioners appointed to evaluate certain properties taken by eminent domain by the Government of the Virgin Islands. The government, contending that the awards are excessive, has asserted numerous grounds for reversal. Equally unsatisfied—but claiming insufficiency—various property owners have cross-appealed, joining the government's position on many asserted errors, and suggesting a few errors of their own. One party, the A. H. Lockhart & Co. in Nos. 16510 and 16511, is apparently satisfied with its awards and seeks affirmance on the basis that final orders were entered in these cases and the orders were not timely appealed. We have reviewed the considerable record in this case and the reports of the Commissioners and we must conclude that the requirements of United States v. Merz, 376 U.S. 192 (1964), have not been met. We will reverse these judgments and remand these cases for further proceedings.

These cases all arise out of the condemnation proceedings of the land in the "Barracks Yard" area of St. Thomas. The Fifth Legislature of the Government of the Virgin Islands found that the Barracks Yard was a "slum and blighted area," and determined to correct this condition through federally assisted urban renewal. Resolution No. 213, V.I.Sess. Laws (1963). Pursuant to this authorization, condemnation proceedings were initiated in the district court on May 29, 1963.

After motions by the government and various parties, the district court appointed three Commissioners to determine the issue of just compensation pursuant to the provisions of F.R.Civ.P. Rule 71A(h). Following the submission of points from both sides, the district court charged the Commissioners as to: the standard to determine fair market value; the valuation date of May 29, 1963; the con-

duct of the hearings and the evidence to be considered, including viewings of the parcels, location, accessibility, proximity to utilities, recent sales prices of similar or adjacent property, bona fide offers, projected present use, and the value of improvements. The court also charged that the Commissioners should make one finding of value for both land and improvements, and that they might consider to what present use the purchaser might reasonably put the land.

Hearings were begun early in 1964 and were completed in July. About one month after the last hearing, the Commissioners filed their "Appraisal Report," which report consisted of a short paragraph purporting to explain their manner of arriving at the valuations, a listing of each property and the values placed on the land and improvements. The explanatory matter merely recited the fact that they had conducted hearings and visited the premises, and that they had "listened at the Hearings to the Government Appraiser, all witnesses, attorneys of owners, and owners, taking into consideration all factors presented, and then considered the lowest and highest sale prices of properties in this area during the past years, and finally arrived at the values after having had a full discussion." The Commissioners also gratuitously added comments after some of the individual valuations, such as "This is a very valuable piece of land."

The government and its adversaries promptly objected that this appraisal report did not comply with the requirement, enunciated by the Supreme Court, that Commissioners' reports "reveal the reasoning they use in deciding on a particular award, what standard they try to follow, which line of testimony they adopt, what measure of severance damages they use, and so on." United States v. Merz, supra, 376 U.S. at 198 (1964). The district court then ordered the Commissioners to "prepare and file an

amended or supplementary report containing therein findings of fact and conclusions of law in support of their findings * * *." The court also required answers to a number of interrogatories directed toward ascertaining what evidence the Commissioners relied upon, and the manner in which they arrived at their valuations. In due course, the Commissioners filed an "Amended Report in Support of Findings," responding to all the court's interrogatories. The amended report did not alter any of the prior valuations. After another round of objections by the government and the property owners, and the lapse of almost half a year, the district court entered an order which overruled all of the parties objections and affirmed and adopted the Commissioners' amended report. Judgments were entered in each case some six months later.

■ Despite the district court's effort, through its interrogatories directed to the Commissioners, to ascertain the "path the Commissioners took through the maze of conflicting evidence," Merz, supra, the Commissioners' answers do not suffice to reveal their reasoning in fixing the valuations. For example, asked "What elements of evidence adduced at the hearing were considered and utilized by the Board in arriving at its determinations," the Commissioners replied, "All evidence offered at the hearings was considered. Some accepted and some rejected." The court's interrogatories seeking to determine which expert testimony was relied-upon or rejected by the Commissioners received similar responses: "The Board relied mainly on its knowledge and experience in Real Estate negotiations and information gathered on various transactions;" and "All testimony was given just consideration and we did not rely on any specific witness or expert." We are forced to conclude that the Commissioners fell into the trap, suggested in Merz, of using their own ex-

pertise and not acting like a deliberative body applying constitutional standards. The awards cannot be upheld even though they are within the limits of the testimony before the Commissioners.

Despite the near unanimous desire of the parties for this remand, we are concerned in so doing that every effort be made to expedite the proceedings because these cases have already become five years old. Accordingly, as in Merz, on this remand the district court's "* * * informed discretion will be used to determine whether the matters should be resubmitted in whole or in part to the respective commissioners or whether, in light of the exigencies of the particular case, the court should itself resolve the disputes on the existing records, or on those records as supplemented by further evidence." 376 U.S. at 200.

As for A. H. Lockhart & Co.'s argument that the judgments in their cases have become res judicata by virtue of the government's failure to file a timely appeal, a reference to the provisions of Rule 54(b) indicates that such is not the case. Where, as here, there are multiple parties involved, "* * * the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* F.R.Civ.P. Rule 54(b) (emphasis added.) No such determination was ever made by the district court at the time it filed the order relied upon by Lockhart, even were we to consider that a final order so far as Lockhart's claims. There is no dispute that the government's appeal was timely filed after the district court entered the judgment of December 30, 1965 awarding damages in each case.