No. 51,096

ALDEN DENNIS and VELMA DENNIS, *Plaintiffs-Appellants,* v. SOUTH-
EASTERN KANSAS GAS COMPANY, INC., *Defendant,* and THE CITY OF
MORAN, a Municipal Corporation, *Defendant-Appellee.*

(610 P.2d 627)

Opinion filed May 10, 1980.

*Monte K. Heasty,* of Scovel, Emert, and Heasty, of Independence, argued the
cause and was on the brief for the appellants.

*Sara S. Beezley,* of Wilbert, Lassman, Toburen, and Wachter, of Pittsburg, and
*Robert V. Talkington,* of Conderman and Talkington, of Iola, argued the cause,
and *Nelson E. Toburen,* of Wilbert, Lassman, Toburen, and Wachter, of Pittsburg,
was with them on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This appeal is a consolidation of two actions
brought by a husband and wife to recover damages for personal
injuries suffered in a gas explosion. The plaintiffs-appellants are
Alden Dennis and Velma Dennis. In the trial court, the defend-
ants were Southeastern Kansas Gas Company, Inc., and the City
of Moran, Kansas. Only the city is a party to this appeal as
appellee.

The facts necessary to determine the appeal are undisputed and are essentially as follows: On September 28, 1953, the governing body of the city of Moran enacted an ordinance granting the Southeastern Kansas Gas Company, Inc. a franchise for the establishment of a gas plant and the supplying of natural gas to the city and its inhabitants. Section 4 of the ordinance provided in part as follows:

"*Section 4.* The said grantees, their successors or assigns, shall at all times protect and save the City harmless from any and all damages and loss which said City might be liable to pay from the operation, and maintenance of said plant . . . ."

The gas company accepted the franchise, including the hold-harmless provision of section 4, constructed a gas plant, and proceeded to supply gas to the city and its inhabitants.

On February 11, 1975, a gas explosion occurred at the Dennis home in Moran and plaintiffs were severely injured. On July 18, 1975, the plaintiffs filed statements of claim with the city clerk of Moran, claiming in substance that the city had failed to discover a leakage of gas, failed to make proper tests, and failed to take proper action under the circumstances. These claims were denied by the city. On November 24, 1975, each plaintiff filed a separate action against the gas company and the city seeking to recover damages on the basis of negligence, trespass, and strict liability in tort. These actions were consolidated. On December 3, 1975, the gas company filed its answer to each plaintiff's petition denying liability. On January 16, 1976, the city filed its answer in each case and included therein a cross-claim against the gas company, seeking indemnity from the gas company for any damages or losses suffered by the city as a result of the plaintiff's claim. The basis for the city's cross-claim against the gas company for indemnity was that the city was entitled to recover a judgment over against the gas company under the hold-harmless provision of the gas franchise ordinance. Additionally, the city contended the gas company had a duty to indemnify the city for any judgment obtained by the plaintiffs because the city's negligence, if any, was passive and secondary, while the gas company's negligence was active and primary.

As discovery proceeded, counsel for the plaintiffs learned that the gas company was insolvent and had limited liability insurance coverage in the amount of $25,000. The briefs of counsel

indicate that, in an attempt to settle the claims, the gas company offered to turn over the entire gas plant to the plaintiffs. It appears that the gas company actually filed a voluntary bankruptcy petition during the course of the litigation. Plaintiffs then started looking for prospective purchasers for the gas company franchise and assets and located Compton Industries, Inc., who agreed to buy the gas plant, provided the plaintiffs would settle all claims against the gas company. After negotiations, on January 16, 1976, a settlement agreement was executed between the plaintiffs and Compton Industries, Inc., as successors and purchasers of the gas company assets. By the terms of this agreement the plaintiffs received $75,000 in cash from Compton Industries, Inc., plus an additional $25,000 from the gas company's liability insurance carrier. Under section 6 of the agreement, the plaintiffs agreed to hold harmless the Southeastern Kansas Gas Company, Inc., and Compton Industries, Inc., from any claims that might arise or judgments for damages that might be entered against Southeastern Kansas Gas Company, Inc., as a result of the injuries to the Dennises resulting from the gas explosion that occurred on February 11, 1975, at the Dennis home. This provision enabled Compton Industries, Inc., to take over the operation of the gas company without the danger of further liability to the plaintiffs or others for damages resulting from the explosion.

Thereafter, on February 27, 1976, plaintiffs dismissed without prejudice their action against the Southeastern Kansas Gas Company. On April 16, 1976, the city filed a motion for default judgment on its cross-claim against the gas company. On April 28, 1977, a discovery conference was held at which counsel for the plaintiffs and for the city appeared. There was no appearance by the gas company. At that time, the trial court issued an order granting the gas company twenty days to show cause why judgment should not be entered in favor of the city on its cross-claim. The gas company took no action and, on May 26, 1977, the trial court entered judgment in favor of the city against the gas company on the city's cross-claim. The judgment entered was in favor of the city against the gas company for all sums that may be adjudged in favor of the plaintiffs on their claim against the city of Moran. It is clear from the journal entry of judgment that in the event plaintiffs should recover a judgment against the city of Moran, the city in turn would be entitled to reimbursement from the gas company for any damages awarded to the plaintiffs.

Thereafter, on motion of the city on April 6, 1978, the trial court certified that there was no just cause or reason to delay entry of final judgment on the city's cross-claim against the gas company, and final judgment was entered by journal entry pursuant to K.S.A. 60-254(*b*). There was no appeal taken from that judgment. Thereafter, the city filed a motion for summary judgment on plaintiffs' petition. In its motion, the city maintained that it was entitled to summary judgment on the basis that a "circle of indemnity" had rendered the pending claim of plaintiffs against the city moot. In support of its position, the city reasoned as follows: Under the judgment finalized April 6, 1978, in favor of the city on its cross-claim against the gas company, the gas company became obligated to indemnify the city of Moran for any amounts recovered by the plaintiffs on their claim against the city. By their agreement of January 16, 1976, the plaintiffs agreed to indemnify the gas company for any amounts which it might be required to pay as a result of the explosion on which the suit was based. Thus, the city argued in its motion, there is a full circle of indemnity running from the plaintiffs to the city. Should plaintiffs recover a judgment against the city of Moran, the city will be entitled in turn to recover that same amount from the gas company pursuant to the city's judgment for indemnity. The gas company in turn will be entitled to recover that same amount back from the plaintiffs, pursuant to the settlement and hold-harmless agreement of January 16, 1976. The end result is that, through this indirect process, plaintiffs will be required to indemnify the city for any judgment recovered by plaintiffs against the city. The city reasons that the issues in the present case have now become moot, and the city is entitled to summary judgment on plaintiffs' claim against the city. The trial court agreed with the position of the city and sustained the city's motion for summary judgment against the claim of the plaintiffs. The plaintiffs then brought a timely appeal to this court.

On the appeal, the plaintiffs contend that the trial court erred in entering summary judgment in favor of the city on the plaintiffs' claim for damages. The plaintiffs do not disagree with the conclusion that the case is now moot if it is assumed that the circle of indemnity among the parties is unbroken and complete. The plaintiffs recognize that in order to avoid mootness they must

show some break in the circle of indemnity so as to restore viability into the claim of the plaintiffs against the city. The plaintiffs do not attack the validity of their own agreement with Compton Industries, Inc., and Southeastern Kansas Gas Company, Inc., to save the gas company harmless in the event the city recovers a judgment for damages against the gas company as a result of the gas explosion. The substance of the plaintiff's contention is that there is no valid judgment or obligation requiring the gas company to indemnify the city for the city's negligence in the event the plaintiffs prevail in their claim and recover damages from the city. The obstacle to sustaining this position is the default judgment obtained by the city which requires the gas company to reimburse the city for all sums that may be adjudged in the case in favor of the plaintiffs against the city. If that judgment, entered in favor of the city on April 6, 1978, is res judicata and is binding on the plaintiffs, then the circle of indemnity remains unbroken and the claim against the city is now moot. The key issue to be determined on the appeal is whether the judgment in favor of the city against the gas company holding the gas company liable to the city under the hold-harmless agreement in the gas franchise, is res judicata and binding upon the plaintiffs.

Plaintiffs first maintain that they have a right on this appeal to have that judgment reviewed and considered on its merits. They rely on K.S.A. 60-2102(a)(4) which provides in part as follows:

"In any appeal or cross-appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable."

Relying on this language, plaintiffs argue that any action taken by the court from the beginning of the litigation is reviewable provided an appeal has properly been perfected after the final decision of the trial court terminating the litigation. As a general rule, the contention of the plaintiffs would be correct. However, the language quoted is not applicable where a judgment entered pendente lite has been certified as final and appealable under the provisions of K.S.A. 60-254(b). That statute provides as follows:

"(b) When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of

judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form or decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

After certification of a judgment as final under K.S.A. 60-254(b), a journal entry is required to be signed by the judge and filed in the action. Under K.S.A. 60-258, on the filing of the journal entry, a final judgment becomes effective which is appealable under the provisions of K.S.A. 60-2103(a), which provides in part as follows:

"60-2103. Appellate procedure. (a) When and how taken. When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment, as provided by K.S.A. 60-258 . . . ."

In this case, the judgment in favor of the city on its cross-claim against the gas company was certified under K.S.A. 60-254(b) and became final and appealable when the journal entry was filed on April 6, 1978. The summary judgment was entered in favor of the city against the plaintiffs on April 9, 1979. Plaintiffs filed their notice of appeal on May 7, 1979. Under the provisions of the statutes cited above, the plaintiffs were clearly out of time in appealing any issue determined by the certified judgment which became a final, appealable judgment on April 6, 1978.

In *Fredricks v. Foltz,* 221 Kan. 28, 30, 557 P.2d 1252 (1976), the right to appeal from an interlocutory partial judgment was before the court for consideration. In *Fredricks,* the court noted that K.S.A. 60-254(b) is identical to and based upon Rule 54(b) of the Federal Rules of Civil Procedure, and that the federal interpretations of Rule 54(b) are persuasive. The court observed that Rule 54(b) reestablishes the ancient federal policy against piecemeal appeals with clarity and precision, with the addition of a discretionary power to afford a remedy in the infrequent, harsh case. The policy against piecemeal appeals is implemented in Kansas in K.S.A. 60-254(b). When the district court under this rule has fully disposed of the interest of one or more but fewer than all of the multiple parties, its order lacks finality unless the district court makes an express "direction for the entry of judgment" and a "determination that there is no just reason for delay." The combination of the direction and determination can be referred to

as a "certification" that a particular judgment is ripe for review. 10 Wright & Miller, Federal Practice and Procedure: Civil § 2660, p. 82 (1973). The purpose behind K.S.A. 60-254(*b*) is the same as that behind Rule 54(b) of the Federal Rules of Civil Procedure. It is to provide a practical means of permitting an appeal to be taken from one or more claims in a multiple claims action without final decisions being rendered on all the claims. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435, 100 L.Ed. 1297, 76 S.Ct. 895 (1956). See also *Henderson v. Hassur,* 1 Kan. App. 2d 103, 106, 562 P.2d 108 (1977).

Under the federal decisions once there has been a Rule 54(b) certification and a final judgment has been entered, the time for appeal begins to run. It has res judicata effect if no appeal is taken during the time permitted for an appeal. *Government of Virgin Islands v. 2.6912 Acres of Land,* 396 F.2d 3 (3rd Cir. 1968); *Fujiwara v. Clark,* 477 F. Supp. 822, 828 (D. Hawaii 1979). See also 10 Wright & Miller, Federal Practice and Procedure: Civil § 2661, p. 90 (1973). In interpreting K.S.A. 60-254(*b*), we adopt and follow the federal decisions which interpret Rule 54(b) of the Federal Rules of Civil Procedure. If a certification and final judgment has been entered pursuant to K.S.A. 60-254(*b*), the time for appeal immediately commences to run and such a judgment becomes res judicata where a timely appeal is not taken by an aggrieved party. If a timely appeal is not taken in such a case, such a judgment may not later be reviewed as an intermediate ruling when an appeal from the final judgment disposing of the entire case is taken pursuant to K.S.A. 60-2102. We have, therefore, concluded that the judgment of the trial court in favor of the city on its cross-claim against the gas company, granting indemnity to the city, is a final and binding judgment and is not reviewable on this appeal under the provisions of K.S.A. 60-2102(*a*)(4).

The plaintiffs next maintain that the judgment in favor of the city against the gas company on its cross-claim is not res judicata and binding on the plaintiffs, because the causes of action and the parties are not identical and, hence, the principle of res judicata is not applicable. We do not agree. We hold that plaintiffs, as the indemnitors of Southeastern Kansas Gas Company, Inc., are bound by the judgment for indemnity entered against the gas company in favor of the city on its cross-claim. The rule is well

settled that where an indemnitor has notice of a suit against his indemnitee and has been afforded an opportunity to appear and defend, a judgment therein rendered against the indemnitee, if without fraud and collusion, is conclusive against the indemnitor in respect to all questions therein determined. 42 C.J.S., Indemnity 32(a), p. 613. An indemnitor is defined in Black's Law Dictionary 910 (4th ed. rev. 1968), as a "person who is bound, by an indemnity contract, to indemnify or protect the other." In the same dictionary, an indemnity contract is defined as a "contract between two parties whereby the one undertakes and agrees to indemnify the other against loss or damage arising from some contemplated act on the part of the indemnitor, or from some responsibility assumed by the indemnitee, or from the claim or demand of a third person, that is, to make good to him such pecuniary damage as he may suffer." The plaintiffs clearly fall within the category of indemnitor of Southeastern Kansas Gas Company, Inc., by virtue of their agreement with the gas company and Compton Industries, Inc., executed on January 16, 1976. The hold-harmless agreement in section 6, as noted above, constitutes an indemnity contract.

Another general rule applicable to this case is that a valid and final judgment is binding on all parties of record in the proceeding in which the judgment is rendered. 50 C.J.S., Judgments § 767, p. 295. Where a person who is responsible, either by operation of law or express contract, to another for whatever may be recovered in a suit against such other, has notice of a suit against the latter and an opportunity to appear and defend, the judgment rendered in the action, if obtained without fraud, will be conclusive on him, whether or not he appeared, and whether he did or did not participate in the defense of the suit. 50 C.J.S., Judgments § 811(a), p. 361. These basic principles of law have been recognized and applied in Kansas in *Kansas Turnpike Authority v. Watson,* 189 Kan. 593, 599, 371 P.2d 119 (1962); *City of McPherson v. Stucker,* 129 Kan. 262, 266, 282 Pac. 703 (1929); and *City of Fort Scott v. Penn Lubric Oil Co.,* 122 Kan. 369, 371 Pac. 268 (1927). In this case, plaintiffs are parties of record, fully participating in the case and also standing in the position of indemnitors or persons responsible over to another for whatever may be recovered in the suit against the other. As parties, they had actual knowledge of the city's motion for judgment on its cross-

claim and, as indemnitors, had an opportunity to appear and defend against it and to appeal from the decision within the statutory time for appeal. Having failed to do so, the plaintiffs are bound by the judgment entered in favor of the city against the gas company on its cross-claim determining that, under the hold-harmless agreement contained in the gas franchise, the gas company is liable to the city for any damages which may be awarded against the city on the claim asserted by the plaintiffs. The trial court in this case properly sustained the city's motion for summary judgment against the plaintiffs on the basis that the circle of indemnity was complete and, as a result, the claim of the plaintiffs against the city was thereby rendered moot.

The judgment of the district court is affirmed.