Toelle v. National Surety Co.

No. 24,961.

JOHN TOELLE, a Minor, etc., *Appellee*, v. NATIONAL SURETY COMPANY et al., *Appellants*.

### SYLLABUS BY THE COURT.

1. ATTACHMENT—*Action on Bond Given to Discharge Attachment—Answer of Surety—Did Not State a Defense.* In an action upon a bond given to secure the discharge of an attachment, the defense set forth in the original suit in which the bond was given, that the defendant named in that action was not the owner of the attached property, nor the one responsible for the claim sued on, is not available to the sureties after a judgment in the original action that the defense was without merit.

2. SAME—*Sufficient Averments in Petition of the Restoration of the Attached Property to Defendant.* An allegation that the attached property was released to the defendant upon the giving of the bond is a sufficient averment of the restoration of the property to the defendant which gave the bond as a substitute for the attached property.

3. SAME—*Judgment on the Pleadings Rightfully Rendered.* Upon an examination of the pleadings, it is held that no substantial defense was pleaded by the sureties and that the judgment on the pleadings was rightly rendered.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed February 9, 1924. Affirmed.

*A. J. Herrod, H. S. Roberts,* both of Kansas City, and *Frank M. Lowe,* of Kansas City, Mo., for the appellants.

*J. H. Brady, T. F. Railsback,* both of Kansas City, and *J. Francis O'Sullivan,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought upon a bond given to procure the dissolution of an attachment and the release of the attached property. The bond had been given in an action brought by John Toelle against the Sells-Floto Shows Company, in which quite a number of elephants, camels and other wild animals valued at $25,000 had been attached. A bond in the penal sum of $50,000 was executed and the attachment was dissolved. The following is a copy of the bond on which the release was secured:

"*Know All Men by These Presents:*

"That the defendant, Sells-Floto Shows Company, a corporation, as principal, and the National Surety Company, a corporation, as surety, is held and firmly bound to the plaintiff, John Toelle, a minor, in the penal sum of fifty thousand dollars ($50,000.00) by the payment of which well and truly to be

made, we hereby bind ourselves and our executors and administrators firmly by these presents.

The condition of the above obligation is such that whereas, the above named plaintiff filed a suit against the above named defendant in the District Court of Wyandotte county, Kansas, on the 14th day of August, 1920, in the sum of twenty-five thousand dollars ($25,000.00) and attached the circus and property in the name of the defendant, alleging non-residence of the defendant, and whereas under the direction of the plaintiff the Sheriff of Wyandotte county, Kansas, has attached certain property in the hands of the above named defendant, which was appraised at twenty-five thousand dollars ($25,000.00) and which property is released by the giving of this bond.

"Now therefore, if the above named defendant, Sells-Floto Shows Company, a corporation, shall well and truly pay any judgment rendered in the above cause in the above court, this obligation shall be null and void; otherwise to remain in full force and effect.

"In witness whereof, the parties hereto have affixed their signatures on this, the 16th day of August, 1920.

"SELLS-FLOTO SHOWS COMPANY, Principal, By F. H. Gentry, Agent, and Ira Burns, Attorney.

"A. J. HERROD,

"NATIONAL SURETY COMPANY, By O. L. Miller, Resident Vice President.

"O. L. MILLER and I. J. TALBOTT, Resident Asst. Secretary.

(Seal)        "I. J. TALBOTT."

In this action Toelle finally recovered a judgment against the Sells-Floto Shows Company for $11,046.90, and upon appeal to this court the judgment was affirmed. (*Toelle v. Sells-Floto Shows Co.,* 111 Kan. 562, 207 Pac. 849.)

In this action on the bond plaintiff alleged that it had been signed by the defendant as surety to release and discharge the attachment lien and upon the execution thereof the lien was discharged, and the property released. It was averred that the judgment rendered against the Sells-Floto Shows Company had not been paid and there-fore a cause of action accrued upon the bond.

The National Surety Company answered admitting the execution of the bond, but stated that the plaintiff and the sheriff had been notified that the property attached was not owned by Sells-Floto Shows Company, and was in fact the property of the Champion Shows Company, that they insisted that the bond should be executed as it was given, and that by reason of their unlawful and wanton acts and demands the defendant gave the bond although it had no authority to give one for the Sells-Floto Shows Company, and that it was in fact given for and on behalf of the Champion Shows Com-

pany. In connection with these allegations the Surety company pleaded a general denial.

In a separate defense A. J. Herrod admitted the signing and the execution and delivery of the bond and the discharge of the attachment upon its delivery, but he alleged that when he signed the bond he was not authorized to represent the Sells-Floto Shows Company, or the National Surety Company. He alleged that he was acting as attorney for the Champion Shows Company, a fact well known to the plaintiff and sheriff, that notwithstanding they were so informed they attached property which was owned by the Champion Shows Company, and illegally and wantonly insisted on the execution of the bond, and that the defendant Herrod should sign it, and that all was done in disregard of the rights of the Champion Shows Company. Coupled with this defense was a general denial of the allegations of the petition. On the theory that no valid defense had been pleaded the plaintiff moved for judgment on the pleadings. This motion was sustained and defendants appeal from the judgment rendered.

It is evident that the defendants sought to inject into the case the defense of the Sells-Floto Shows Company in the original case in which the attachment was issued, to the effect that the wrong party had been sued, one that was not liable to the plaintiff for the injury sustained. The separate answers of the defendants were filed before the question in the original action was finally determined, which accounts for the matters alleged in defense in this action. That issue as we have seen was tried to a conclusion, and it was held that the Sells-Floto Shows Company was operating the circus and was liable for the injury inflicted upon the plaintiff. That company came into court, tendered a bond signed by the defendants in this action, in which they promised to pay any judgment rendered in the case and through the bond given secured a release of the attached property. It is futile for the surety company to plead that it did not give a bond on behalf of the Sells-Floto Shows Company, where the recital of the bond which they executed is that it was the company sued and the one for which the bond was given. The facts set up by that company in its answer did not constitute a defense. As to the defendant Herrod, he answered admitting the commencement of the action against the Sells-Floto Shows Company, the attachment of the property, the giving of the bond, that he signed the same, and that upon the giving of the bond the lien of the attach-

ment was discharged and the property released. He stated that he did not represent the Sells-Floto Shows Company but was an attorney of the Champion Shows Company, but he did not allege that he signed it either as attorney or agent of that company. That company was not a party to the attachment action and did not seek to intervene in the action. The Sells-Floto Shows Company was the only defendant named in that action, and as has been determined it was the proper party and the one liable for the damages inflicted on plaintiff. The attachment was levied upon its property, whereupon it tendered the bond as principal and Herrod signed his name to it wherein it was recited that the Sells-Floto Shows Company was the defendant in the action and the principal in the bond. His personal promise was that if that company did not pay any judgment that might be rendered in the action, he would pay it. As the principal was expressly named in the bond, he necessarily signed as surety. His allegation that the attached property was not owned by the company sued was a defense in that action but is not available as a defense on the bond that was given. (9 C. J. 85.) He could not escape liability on the bond signed by him on account of an erroneous belief as to the party who owned or operated the circus. By the bond which he signed the property was released and the liability attached when the judgment against his principal was rendered.

It is said that the restoration of the property was not sufficiently pleaded and that the omission is fatal to a recovery. The objection is technical and unsubstantial. The defendant was asking for release of the property and the bond was given to secure that release. It was alleged to have been released to the defendant, and the return of the sheriff was that it was released to the defendant upon the giving of the bond. Some cases are cited that an averment of the restoration of the property is essential, but any language of that import is all that is necessary. The bond operated as a substitute for the property, and an allegation that it was released to the defendant is deemed to be a sufficient averment of restoration. (*Woodward v. Witascheck*, 38 Kan. 760, 17 Pac. 658; *Stow v. Shay*, 54 Kan. 574, 38 Pac. 784.) The statements and admissions in the pleadings left nothing substantial for trial, and no defense being pleaded by the defendants, the court rightly rendered judgment for plaintiff.

Judgment affirmed.