**CONTINENTAL INV. CO. et al. v. TOELLE et al.**

(Circuit Court of Appeals, Eighth Circuit. May 4, 1925.)

No. 6738.

Judgment ⬅457—Company claiming property attached in suit against show company not entitled to enjoin clerk's payment to plaintiff of amount of judgment recovered and paid into court by surety on bond to discharge attachment.

Where judgment was obtained against surety company in action in state court on bond given to discharge attachment levy in action against a show company, and amount of such judgment paid to clerk of court in which judgment was obtained, held, investment company, alleging that attachment levy, taking of bond, and recovery against show company were all result of a conspiracy, and that property attached belonged to investment company, and when attached was under lease to a show company other than that against which judgment had been recovered, could not by suit, in which neither first show company nor surety company were made defendants, enjoin clerk from paying to plaintiff in original action money paid into court by surety company.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit by the Continental Investment Company and another against John Toelle and others. Decree for defendants, and plaintiffs appeal. Affirmed.

John T. Bottom, of Denver, Colo. (Frank M. Lowe, of Kansas City, Mo., and A. J.

Herrod, of Kansas City, Kan., on the brief), for appellants.

J. Francis O'Sullivan, of Kansas City, Mo. (Joseph H. Brady and T. Forrest Railsback, both of Kansas City, Kan., on the brief), for appellees Toelle, O'Sullivan, and Fincke.

Maurice J. O'Sullivan, Harry Friedberg, and Ralph L. Adams, all of Kansas City, Mo. (Myer M. Rich, of Kansas City, Mo., on the brief), for appellees O'Sullivan, Brady, and Railsback.

James F. Getty, of Kansas City, Kan., for appellee Wright.

Before SANBORN and LEWIS, Circuit Judges.

LEWIS, Circuit Judge. This suit was brought by appellants to restrain the clerk of the district court for Wyandotte county, Kan., from paying over money in his hands which he received from the National Surety Company for John Toelle, and was dismissed on demurrer to the bill. The money was received by the clerk under these circumstances:

John Toelle recovered a judgment in the district court for Wyandotte County, Kansas, against Sells-Floto Shows Company, a corporation, on account of personal injuries inflicted on him while he was an employé of that company, and that judgment was affirmed on appeal. Toelle v. Sells-Floto Shows Co., 111 Kan. 562, 207 P. 849. On bringing his action Toelle sued out an attachment and caused levy to be made. Thereupon the Shows Company, as principal, with National Surety Company as its surety, gave bond under the State statute to plaintiff Toelle as obligee, conditioned that if the Sells-Floto Shows Company would pay any judgment that might be rendered against it in Toelle's action the obligation of the bond would be void; otherwise to remain in full force and effect. Under the statute the bond discharged the attachment levy and released the property that had been levied upon. Sells-Floto Shows Company answered Toelle's complaint and the case went to trial, with the result that has been stated, but the Shows Company failed to pay the judgment against it. Then Toelle brought an action on the bond against National Surety Company and recovered judgment against it for the amount of the unpaid prior judgment. This judgment was also affirmed on appeal. Toelle v. National Surety Co., 115 Kan. 425, 223 P. 256. The Surety Company then paid to the clerk of the court in which both judgments were recovered the amount of the

judgment against it. Immediately thereafter complainants, Continental Investment Company and Champion Shows Company, corporations, filed this bill against Toelle, his counsel and the sheriff, alleging the facts that have been stated, and further alleging that the attachment levy, the taking of the bond and the recovery of the judgment by Toelle against Sells-Floto Shows Company were all the result of a conspiracy between the defendants, that the property attached and the circus of which it was a part all belonged to Continental Investment Company and was at the time of the attachment levy under lease by it to its co-complainant, the Champion Shows Company, and that Sells-Floto Shows Company at that time had no title to or interest in it whatsoever. The history of that case, disclosed in the opinion of the Supreme Court of Kansas, informs us that the chief defense made by Sells-Floto Shows Company in the action against it was that Toelle had sued the wrong party; but the court held, after a careful review of the evidence, that there was sufficient proof to sustain the jury's finding on that issue. 111 Kan. 562, 207 P. 849, supra. But whatever the real facts may have been in that respect they are of no importance here and are not open for inquiry as long as that judgment remains and has not been vacated. Until that has been done by final decree the obligation on the bond is absolute and the surety unconditionally bound. All of the allegations in this bill constitute an attack on the judgment recovered by Toelle against Sells-Floto Shows Company, that company is not a party to this suit, and it is an indispensable party to any relief against that judgment. Nor is the National Surety Company a party here. Steele v. Culver, 211 U. S. 26, 29 S. Ct. 9, 53 L. Ed. 74. In that case the bill sought, as here, to enjoin the collection of a judgment rendered by a State Court against a railroad company and also a judgment against a surety on a bond given by it when it took the case to the appellate court. The Supreme Court there said:

"So long as the judgment against the railroad stands, that against its surety cannot be impeached. By its bond the surety undertook to pay the judgment, if rendered, against its principal, whether right or wrong. If the principal remains liable under that judgment the surety is bound to pay. * * * The bill, as we have said, is founded solely on allegations of fraud in getting the first judgment, and must be maintained upon them if upon any. The railroad company is an indispensable party if that issue

is to be tried. It is unnecessary to consider other objections to the suit."

Some help for the bill is thought to lie in this allegation:

"That under and by virtue of the obligations of the plaintiffs herein to the said the National Surety Company of New York, made generally before the beginning of the circus season of the year 1920, for the furnishing of bonds from time to time for the protection of the said Continental Investment Company as owner and the Champion Shows Company as lessee of the property and operator of the circus, they were compelled to pay unto the said the National Surety Company of New York, the amount of said last mentioned judgment, interest and costs, and the said the National Surety Company has this day paid to the said defendant Carl W. Fincke as Clerk of the District Court of Wyandotte County, Kansas, the said judgment, interest and costs. * * * *"

That allegation may dispel the notion that the plaintiffs are strangers and intermeddlers complaining about things in which they have no interest, but it brought them under an obligation to the surety. They became indemnitors, and the allegation relied on rebuts the claim that the bond was not given for their benefit.

Affirmed