## KENTUCKY INSURANCE GUARANTY ASSOCIATION, as Substitute Appellant for American Fidelity Fire Insurance Company, Appellant,

v.

## DOOLEY CONSTRUCTION COMPANY, Appellee.

Court of Appeals of Kentucky.

July 24, 1987.

ment was entered against Pace, Incorporated in favor of Dooley Construction Company. The original complaint filed April 1, 1979, included both Pace Incorporated and American Fidelity Fire Insurance Company as party defendants. Thereafter Dooley Construction Company on March 11, 1983, motioned for summary judgment against American Fidelity, Pace's surety, in the amount of $203,987.50, plus interest, representing the amount awarded Dooley Construction in the default judgment. Summary judgment was granted on November 22, 1983.

Appellant argues that the record lacked sufficient evidence to support the award of summary judgment against it. However, we find the judgment to be proper based on the pleadings, memoranda, the surety bond, the default judgment, and the accompanying affidavit of Joseph Dooley. Appellant, through its predecessor, had over four years between the filing of the complaint against it and Pace, and the entry of summary judgment in which to defend the action and raise any relevant issues. The surety clearly had notice and ample opportunity to defend but neglected to do so.

Joel C. Morgan, Lexington, for appellant.

Thomas M. Denbow, Louisville, for appellee.

Before COMBS, COOPER and HAYES, JJ.

HAYES, Judge:

Kentucky Insurance Guarantee Association, as Substitute for American Fidelity Fire Insurance Company, appeals from a summary judgment entered November 22, 1983, in Union Circuit Court holding American Fidelity Fire Insurance Company liable, as a surety on a construction bond, for sums owed pursuant to a default judgment against Pace Incorporated. Finding summary judgment was proper, we affirm.

The facts are well known to the parties and will not be restated herein except insofar as they need be for a discussion of the issues. On June 16, 1982, a default judg-

The liability of a surety on a construction contract is generally coextensive with that of its principal. 72 C.J.S. *Principal & Surety*, § 74, 77. Where sureties have notice and opportunity to defend on an action against their principal they are generally bound by the judgment except where such judgment is procured by collusion or fraud. *Brewer v. Kirk*, 256 Ky. 822, 77 S.W.2d 34 (1934) and *Olmstead v. Fidelity & Deposit Co. of Maryland*, 138 Kan. 825, 28 P.2d 722 (1934). *See also* 72 C.J.S. *Principal & Surety* § 192 (1987).

It was by its own choice that defendant refrained from participating in the earlier litigation. It had ample notice of it and of its possible consequences to the man to whom it had bound itself to save harmless from all outlay and expense to which he might be subjected on account of the contractual delinquencies of the principal on the bond. Moreover, it is now too late for defendant to urge legal

points which might have availed it in the earlier litigation.

*Olmstead*, 28 P.2d at 724. Stated differently, it has been held that a judgment, entered even by default, against the principal is *conclusive* of the surety's liability. *Sauer v. Detroit Fidelity & Surety Co.*, 237 Mich. 697, 213 N.W. 98 (1927) and *First Mobile Home Corporation v. Little*, Miss., 298 So.2d 676 (1974) *See also* 72 C.J.S., *Principal & Surety* § 192 and 59 A.L.R.2d 752, 754 (1958).

■ In the instant case, the principal's liability to Dooley Construction and it's default were uncontroverted. The surety, through the Labor and Material Payment Bond, had undertook to guarantee payment to Dooley Construction. The default judgment, together with appellant's failure to create any genuine issues of material fact in defense of liability, wholly support the entry of summary judgment. We likewise find no merit in appellant's contention that the proceedings below precluded any party from testing the merits of Dooley Construction's claim. The record reveals otherwise.

Accordingly, the judgment entered November 22, 1983, in Union Circuit Court is affirmed.

All concur.