**NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellant,**

v.

**WHITLEY DEVELOPMENT CORPORATION; Farmers National Bank; And The Travelers Indemnity Company, Appellees.**

No. 96–CA–184–MR.

Court of Appeals of Kentucky.

Jan. 31, 1997.

Case Ordered Published by
Court of Appeals March 21, 1997.

Alice C. Kinkead, Ronald P. Mills, Frankfort, for appellant.

Alice C. Kinkead, Frankfort, for appellant.

Frank A. Atkins, Jr., Williamsburg, for Whitley Development Corporation.

Darrell L. Saunders, Corbin, for Farmers National Bank.

Before DYCHE and GUDGEL, JJ., and LESTER, Special Judge.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Whitley Circuit Court. The court adjudged that appellant Natural Resources and Environmental Protection Cabinet (cabinet) erred by granting summary dispositions regarding nine separate bond forfeiture and reclamation enforcement proceedings. Each of the enforcement orders was vacated, and the sureties on the forfeited bonds were released from further liability as to seven of the nine permits. On appeal, the cabinet contends that the court erred by finding (1) that the applicable statute of limitations expired prior to the institution of the bond forfeiture proceedings, (2) that the sureties on the bonds were necessary parties to the proceedings, (3) that the cabinet's authority to require a permittee to perform reclamation work expired on the expiration date of each of the permittee's mining permits, and (4) that bond forfeiture orders and injunctive relief ordering a permittee to reclaim a permitted site are mutually exclusive remedies. We agree with all of the cabinet's contentions. Hence, we reverse and remand.

Between 1977 and 1984 the cabinet issued appellee Whitley Development Corporation (Whitley) nine separate permits authorizing it to engage in surface coal mining activities at permitted sites in Whitley County. Whitley executed performance bonds regarding each of the permits. Appellee Travelers Indemnity Company (Travelers) acted as surety on some of the bonds, while appellee Farmers National Bank (Farmers) provided letters of credit as security for the payment of the remaining bonds. After seven of the mining permits expired between September 1979 and late 1982 or early 1983, the cabinet granted partial bond releases as to those

seven sites. The remaining two permits expired in 1989.

Whitley was thereafter served with notices of noncompliance concerning deficient reclamation activities at all nine sites. In the spring of 1991, the cabinet instituted administrative proceedings seeking the imposition of civil penalties and the forfeiture of the remaining portions of the performance bonds. In 1992 the circuit court permanently enjoined the cabinet from pursuing civil penalties against Whitley, but it did not enjoin the cabinet from pursuing the bond forfeiture proceedings. Accordingly, in May 1993 the cabinet filed administrative complaints seeking the forfeiture of all of the remaining amounts which were covered by the unreleased mining performance bonds. Eventually, a hearing officer recommended that there be a summary disposition of the cases and that all of the remaining performance bonds be ordered forfeited. The secretary of the cabinet entered final orders accepting the hearing officer's reports, adjudging Whitley to be in violation of the conditions of its permits, and ordering its performance bonds forfeited. Both Travelers and Farmers were ordered to fulfill their obligations as to the bonds, while Whitley was ordered to immediately reclaim each of the permitted sites.

Whitley appealed the secretary's final orders to the Whitley Circuit Court. Moreover, although Travelers honored the cabinet's demand and deposited the amount for which it was liable into a special interest-bearing escrow account pursuant to KRS 350.032(3), Farmers failed to honor sight drafts drawn upon the letters of credit which it had provided. Hence, in the consolidated appeals filed by Whitley, the cabinet cross-claimed against Farmers for the sums allegedly due on the dishonored sight drafts. In January 1996 the circuit court rendered a judgment finding (1) that the secretary had erred by granting summary dispositions regarding the forfeiture proceedings, (2) that the claims against Travelers and Farmers, both of whom were necessary parties to the bond forfeiture enforcement proceedings against Whitley, were barred by limitations, (3) that the cabinet could not order Whitley to perform reclamation work after its mining permits expired, and (4) that a bond forfeiture order and an order to perform reclamation work are mutually exclusive remedies, only one of which may be available to the cabinet. This appeal followed.

First, the cabinet argues that the court erred by finding that the applicable statute of limitations expired prior to the institution of the bond forfeiture proceedings. We agree.

The court determined that the claims against the sureties herein were barred by the applicable seven-year statute of limitations because the cabinet did not institute bond forfeiture proceedings against Travelers and Farmers within seven years of the dates upon which its right to institute forfeiture actions accrued. KRS 413.220(3). According to the court, this is so even though the cabinet might eventually be able to declare a forfeiture against Whitley "after proper administrative proceedings." In reaching this conclusion, the court reasoned as follows:

Bond forfeiture and reclamation are mutually exclusive remedies authorized in mutually exclusive circumstances. KRS 350.060 requires the Cabinet, before issuing a permit for surface mining and reclamation, to compute and require a bond sufficient to assure completion of the reclamation if the work had to be performed by the Cabinet in the event of forfeiture. The import of the statutory framework governing surface coal mining is that both mining and reclamation must be performed during the life of the permit (contemporaneously) and that if, upon expiration of the permit, the reclamation has not been completed, the bond shall be promptly forfeited. Nowhere in the statutes cited by the Cabinet is there language suggesting that the Cabinet is granted discretionary authority to allow reclamation after expiration of the permit nor to allow extended periods of time to elapse after expiration of the permit (which inevitably renders the bond amount insufficient for its intended purpose) before instituting bond forfeiture. This Court finds no legal authority for ordering a permittee to perform reclamation after the permit has expired nor for

ordering both bond forfeiture and mandatory reclamation.

In effect, the court concluded that an action against a surety on a surface mining performance bond necessarily accrues on the date upon which the underlying permit expires, with the result that an action to enforce the surety's contractual obligation on such a bond must either be filed within seven years of that date or be barred by limitations. KRS 413.220(3).

▇▇▇ We find the trial court's conclusions to be wholly unjustified by the language of the relevant statutes regulating surface mining activities. Clearly, a surety cannot be deemed to be in default prior to the date upon which it is asked by appropriate demand to meet the contractual suretyship obligation. Thus, no action could have accrued against Travelers or Farmers until the date upon which they refused to honor their obligations as sureties after being called upon to do so, which was well within the seven-year statutory limitations period. Indeed, the record shows that no claims were asserted against Travelers or Farmers until after they were first notified by letter in May 1993 both that Whitley had been cited for noncompliance, and that they were entitled to undertake completion of the required reclamation work in lieu of bond forfeiture. Thereafter, the secretary of the cabinet entered final orders forfeiting the performance bonds at issue, and Travelers paid the amount due on the forfeited bonds pursuant to KRS 350.032(3), while Farmers failed to honor the letters of credit presented to it for payment even though said drafts expressly provided that they would be "duly honored on due presentation to the drawee." Obviously, therefore, pursuant to the express provisions of its contract, no cause of action accrued against Farmers until the cabinet presented the drafts to Farmers for payment and payment was refused.

▇▇▇ Since it is therefore clear from the record that the cabinet filed an action against Farmers by way of cross-claim within seven years of the date on which its claims accrued, the court erred by finding that those claims were barred by limitations. Indeed, to conclude otherwise is specious. Moreover, the

mere failure to join either Farmers or Travelers as a party to the administrative proceedings in which the performance bonds were ordered forfeited is of no significance, as nothing in the applicable statutes or regulations obligates the cabinet to join a performance bond surety as a party to such an administrative proceeding. As noted by the cabinet, it is settled that if a surety has notice and an opportunity to defend an action against its principal, it is bound by a judgment against the principal unless it is shown that the judgment resulted from collusion or fraud. *Kentucky Insurance Guaranty Association v. Dooley Construction Co.,* Ky.App., 732 S.W.2d 887 (1987). Here, since Farmers had notice and an opportunity to participate in the administrative hearings but failed to avail itself of that opportunity, it is in no position to complain or defend against the forfeitures on the ground that it was not joined as a party to those proceedings. The court therefore erred by concluding otherwise.

Next, the cabinet contends that the court erred by finding that long before the proceedings seeking reclamation orders were commenced, the cabinet's statutory authority to order Whitley to reclaim each of the permitted sites terminated as the respective mining permits expired. We agree.

KRS 350.020 in no uncertain terms directs the cabinet to regulate and control surface mining activities so as to minimize any resulting injury to people and resources, to rigidly enforce the surface mining statutes, and to adopt whatever administrative regulations are found to be necessary to accomplish those purposes. Moreover, as KRS 350.025 expressly provides that federal law shall be deemed to supersede any provision of KRS Chapter 350 which is inconsistent with the Federal Surface Mining Control and Reclamation Act of 1977, there can be no interpretation of KRS 350.060 which is inconsistent with the federal act.

▇▇▇ Obviously, the issuance of a permit pursuant to KRS 350.060 not only authorizes a miner to conduct surface mining activities, but also obligates the miner to reclaim the permitted site and to execute a performance

bond to ensure compliance with such reclamation obligations. Given the strong state and federal policy favoring the stringent regulation of surface mining and reclamation activities, it would be totally absurd to conclude that, once the five-year permit period expired, the obligation to reclaim the permit site simultaneously expired regardless of whether the required reclamation activities had been undertaken or completed. Such a conclusion would permit any surface miner to defer reclamation activities until the expiration of the permit for a given site and to then walk away, leaving it to the commonwealth to complete any unstarted or unfinished reclamation work. We decline to so interpret the statute, choosing instead to conclude that although the right to mine may expire, both the obligation to reclaim the permit site and the cabinet's enforcement jurisdiction continue until such time as the required reclamation is completed. Indeed, in our opinion this is the only possible reasonable interpretation of KRS Chapter 350 given the fact that problems associated with the revegetation of permit sites, due to weather, soil characteristics and other factors, will inevitably delay the surface miner's ability to simultaneously complete both reclamation and mining activities. Moreover, this interpretation is consistent with both the federal court interpretations of the applicable federal statutes, *see National Wildlife Federation v. Lujan,* 950 F.2d 765 (D.C.Cir.1991), and with the applicable federal and state regulations. We hold, therefore, that the court erred by finding that the cabinet's jurisdiction to order Whitley to reclaim the permitted sites expired on the dates when its mining permits expired.

■ Similarly, we agree with the cabinet that the court erred by finding that the remedy of bond forfeiture and the remedy of ordering a permittee to reclaim a site are mutually exclusive. The statutes assign complete reclamation liability to the surface miner. *See* KRS 350.090, KRS 350.130, KRS 350.158, and KRS 350.405. More specifically, KRS 350.130(1) provides that a permittee's bond may be forfeited if a reclamation violation is not abated, while KRS 350.028(3) and KRS 350.465(3)(d) authorize the cabinet to order that a permittee undertake certain

abatement obligations. Further, KRS 350.990(3) authorizes the cabinet to seek injunctive relief regarding any violation of the chapter. However, nothing in the language of these statutes suggests or states that the remedies provided therein are intended to be mutually exclusive, and the court cites no authority for its finding in this vein. To the contrary, the cabinet's ability to seek remedies of both bond forfeiture and injunctive relief affords it protection in those cases in which the amount of the bond is inadequate to pay for the cost of completing reclamation.

■ Next, the cabinet contends that the court erred by finding that no justification existed for the hearing officer's decision to recommend summary disposition of the administrative proceedings seeking bond forfeitures. Again, we agree.

Whitley filed no affidavits in opposition to the cabinet's properly supported motions for summary disposition regarding six of the mine permits at issue. Hence, there was no error in granting summary dispositions as to those cases. In regard to the remaining three permits, Whitley filed its president's affidavits in opposition to the cabinet's motions. However, as to Permit No. 118–0051, the hearing officer correctly found that the submitted affidavit was self-serving and that it did not create a genuine issue of fact as to whether the alleged violations were abated. As to Permit No. 518–0136, the submitted affidavit admitted that the corporation is insolvent and unable to abate the admitted violations. The hearing officer correctly found that such uncontroverted facts entitled the cabinet to forfeit the bond regardless of the other contents of the affidavit. Finally, as to Permit No. 518–0193, similar facts supported the hearing officer's conclusion that the cabinet was entitled to summary disposition. Therefore, having reviewed the records in the remaining three administrative proceedings, we conclude that the hearing officer did not err by finding that the affidavits were insufficient to preclude the granting of a summary disposition. Hence, it follows that the court erred by vacating the secretary's final orders in all nine administrative

proceedings from which these appeals were taken.

For the reasons stated, the court's judgment is reversed and remanded with directions to enter a new judgment which affirms the secretary's final orders regarding all nine permits at issue in the instant appeal.

All concur.