**BLACK FIRE COAL COMPANY, LLC, Appellant**

v.

**COMMONWEALTH of Kentucky, ENERGY AND ENVIRONMENT CABINET, Appellee.**

No. 2011–CA–001774–MR.

Court of Appeals of Kentucky.

Dec. 7, 2012.

Case Ordered Published by Court of Appeals Feb. 15, 2013.

Donald Duff, Frankfort, KY, for appellant.

Anna K. Girard, Frankfort, KY, for appellee.

Before CLAYTON, MAZE, and TAYLOR, Judges.

## OPINION

CLAYTON, Judge.

This is an appeal from a decision of the Clay Circuit Court regarding the forfeiture of surface mining reclamation bonds by the Energy and Environment Cabinet (the "Cabinet"). The Appellant, Black Fire Coal Company, LLC ("Black Fire"), contends that the forfeitures and consequent revocation of its permit were in error.

Based upon the following, we affirm the decision of the trial court upholding the Cabinet's final order.

## BACKGROUND INFORMATION

Surface Mining Permit No. 826–0600 (the "Permit") was issued on June 22, 2006, to Black Fire by the Cabinet. Pursuant to this permit, mining was authorized on property in Clay County, Kentucky, known as the Hobbs Property. Black Fire submitted a Mining and Reclamation Plan map which set forth four bonding area increments under the Permit. They were as follows:

Increment No. 1—Haul Roads 1 and 2—secured by Letter of Credit No. 2360 in the amount of $1,200;

Increment No. 2—Spoil Storage Areas—Letter of Credit No. 2361 in the amount of $5,600;

Increment No. 3—Face-up area for auger mining secured by Letter of Credit No. 2398 in the amount of $43,700; and

Increment No. 4—Sediment pond and drainage corridor—secured by Letter of Credit No. 2362 in the amount of $5,600.

The Cabinet issued Notice of Noncompliance No. 63–1726 on March 12, 2008, alleging two violations. Cessation Order No. 63–0529 was subsequently issued. On September 11, 2008, the Cabinet issued Notice of Noncompliance No. 63–1754 alleging six violations on Increments No. 1 and 2. Cessation Order No. 63–0536 was issued as a result of these violations. The Cabinet then pursued enforcement and penalty proceedings for which they obtained final administrative orders.

Due to the above action, the Cabinet then filed an Administrative Complaint seeking forfeiture of the bonds on all four Increments listed above as well as the revocation of the Permit. All four of the bonds for the Increments were secured by letters of credit issued by Community Trust Bank. When filing the action, the Cabinet did not list Community Trust Bank as a party to the action.

An Administrative Hearing was held in the action on October 29, 2009, and the Hearing Officer issued a report recommending bond forfeiture and permit revocation on March 20, 2010. A final order

was issued by the Secretary of the Cabinet on May 26, 2010 and Black Fire filed a Petition for Review with the Clay Circuit Court on June 22, 2010.

On August 25, 2011, the Clay Circuit Court issued an opinion and order affirming the forfeiture of Black Fire's bonds and the revocation of the Permit. Black Fire then filed this appeal.

## STANDARD OF REVIEW

We review an administrative decision for arbitrariness. *Liquor Outlet, LLC v. Alcoholic Beverage Control Bd.*, 141 S.W.3d 378 (Ky.App.2004). We must first determine whether the decision is supported by substantial evidence, *Kentucky Unemployment Ins. Comm'n v. Landmark Cmty. Newspapers of Kentucky, Inc.*, 91 S.W.3d 575 (Ky.2002), and then decide whether the administrative decision is correct as a matter of law. *Ira A. Watson Dept. Store v. Hamilton*, 34 S.W.3d 48 (Ky.2000). Decisions of law are reviewed de novo. *Aubrey v. Office of Attorney General*, 994 S.W.2d 516 (Ky.App.1998).

With these standards in mind, we review the decision of the Clay Circuit Court affirming the final order of the Cabinet.

## DISCUSSION

Black Fire first contends that the requisite procedures for bond forfeiture were not followed by the Cabinet in this case. Black Fire argues that 405 Kentucky Administrative Regulations (KAR) 10:030, Section 1 authorizes reclamation bonds in the form of letters of credit issued by a financial institution, as were the Increments which are the subject of this action. Black Fire also asserts Kentucky Revised Statutes (KRS) 350.130(1) specifically sets forth that bonding companies or financial institutions providing reclamation bonds to the Cabinet have the right to perform reclamation in lieu of forfeiting the bonds. It contends that under the law and regulations of surface mining, a permittee may utilize letters of credit from a financial institution for the providing of reclamation performance bonds while making no distinction as to the rights of the bond providers either as corporate bonds or letters of credit. Black Fire asserts that KRS 350.130, 405 KAR 10:050 and due process require that the surety/financial institution furnishing the performance bond be given notice and opportunity to come before the Cabinet and protect the bond.

The Cabinet agrees that procedures for bond forfeiture require it to notify a surety company if a bond provided by that company is eligible for forfeiture under 405 KAR 10:050; however, it asserts that regulations do not provide that a financial institution, such as a bank, is required to receive the same notice under 405 KAR 10:050. We agree.

A letter of credit is security to guarantee payment if the obligation undertaken is not performed. In this case, Community Trust Bank issued letters of credit guaranteeing Black Fire's performance of reclamation on the property. The letters of credit were payable on demand. This is not the same as actions taken if a surety were involved. In that situation, the surety would be allowed (due to contractual terms) to step into Black Fire's position and fulfill Black Fire's obligations pursuant to the permit. (*See Ass'n de Azucareros de Guatemala v. U.S. Nat. Bank of Or., Portland, Or.*, 423 F.2d 638 (9th Cir. 1970). "[T]he guarantor's contract is collateral to and independent of the contract, the performance of which he guarantees, while that of a surety is an original obligation." *Citizens Fidelity Bank & Trust Co. v. Lamar*, 561 S.W.2d 326, 328 (Ky. App.1977)).

While Black Fire contends that the Kentucky General Assembly has not distinguished between corporate bonds and letters of credit for reclamation performance bonds, we disagree. KRS 350.130 provides as follows:

Any bonding company or financial institution providing bond to the cabinet shall have the right to perform those measures necessary to secure bond releases if the bonding company or financial institution can demonstrate that it has the ability to perform the measures and will undertake to do so within a reasonable time frame. The bonding company, or financial institution providing the bond, may, at any stage of the reclamation process, pay the remaining encumbered balance of the bond and thereby discharge its obligation under the bond. Neither the surety company nor the financial institution may employ anyone to perform the measures who has been barred from mining pursuant to the provisions of this chapter.

Black Fire cites to *Natural Res. and Envtl. Prot. Cabinet v. Whitley Dev. Corp.*, 940 S.W.2d 904 (Ky.App.1997), in support of its position. In that case, however, there was a surety, Travelers Indemnity Company and a bank, Farmers Bank, which had provided letters of credit. The Court held:

the mere failure to join either Farmers or Travelers as a party to the administrative proceedings in which the performance bonds were ordered forfeited is of no significance, as nothing in the applicable statutes or regulations obligates the cabinet to join a performance bond surety as a party to such an administrative proceeding.

*Id.* at 907. Thus, we find that the Cabinet was not required to notify Community Trust Bank in order to allow them to perform the reclamation.

■ Black Fire next contends that the criteria for bond forfeiture have not been met. Specifically, it argues that the procedures set forth in 405 KAR 10:050 Section 3(1)(a) authorize bond forfeiture on a permit or increment if "[t]he permittee has violated any of the terms or conditions of the bond and has failed to take corrective action[.]" Black Fire asserts that it was barred from entry to the Hobbs property by court order and that, accordingly, it could not complete the on-site remedial measures.

The Clay Circuit Court orders issued on May 19, 2008, and August 11, 2008, deny Black Fire's request for an injunction against the Hobbses who it contends were denying it access to the property. The Cabinet does not disagree that Black Fire was denied access to the property. It cites, however, to KRS 350.280 which provides a mechanism by which a permittee may gain an easement by necessity over a property on which it has been cited for violations which remain unabated and has subsequently been barred from entry onto the property by the landowner. Black Fire made no attempt to obtain this easement, thus, the Cabinet followed proper procedures in the bond.

■ Finally, Black Fire contends that the Cabinet failed to meet its burden under 405 KAR 7:092 Section 5. We disagree. Black Fire asserts that under subsection four of that regulation the ultimate burden of persuasion is placed on the Cabinet. This requires the Cabinet to establish by a preponderance of the evidence that the criteria for bond forfeiture have been met and that it is entitled to the bond.

In this case, the Cabinet provided testimony of its inspector, the property owners and the regional supervisor that reclamation had not been performed. Black Fire did not present any evidence which contra-

dicted this testimony. Thus, the Cabinet carried its burden.

For the reasons detailed above, we affirm the decision of the Clay Circuit Court affirming the final order of the Cabinet and forfeiting Black Fire's bonds.

ALL CONCUR.